## Case No. 15,430.

UNITED STATES v. HUTCHINS et al.

[1 Cin. Law Bul. 371.]

Circuit Court, S. D. Ohio. 1876.

CONSPIRACY — INDICTMENT — EVIDENCE — GOOD CHARACTER OF DEFENDANT—PROVINCE OF JURY.

1. To constitute a conspiracy under section 5440 of the Revised Statutes of the United States, there must be some act committed by one of the parties to the conspiracy to effect its object.

2. The evidence to establish a conspiracy is generally circumstantial, and will be sufficient if it proves the fact that an agreement to do the unlawful act existed, although its terms, the time when or the place where it was entered into, may not be shown.

3. The acts charged to have been done to effect the object of such conspiracy must be proved as laid in the indictment, but time and quantity need not so be proven.

4. The general rules as to that which is evidence, its competency and the order of its introduction, is the same in civil as in criminal proceedings; but the measure of evidence required is different. In the former a preponderance is sufficient; but in the latter it must be beyond a reasonable doubt, but the doubt must arise from the evidence in the case; it must be reasonable, not speculative.

5. In all criminal cases the defendant is entitled to put in evidence his good character, and it is to be considered by the jury as other items of evidence in the case.

6. The jurors are the judges of the weight of the evidence, and of the credibility of the witnesses, but are not required by law to reject the testimony of an impeached witness, but to consider it in connection with corroborating testimony in the case, and give it such credit as under all the circumstances they may think it entitled to. If the testimony be contradictory, they are to reconcile it if they can do so; if not, they will reject that which they think is not entitled to credit.

Indictment [against Rue P. Hutchins and others] for conspiracy to defraud the government of its taxes on distilled spirits, and for removal of spirits without the payment of taxes.

W. M. Bateman, Dist. Atty., Channing & Richards, and A. Dyer, Asst. Dist. Attys., for the United States.

E. M. Johnson, I. N. Jordan, and Sullivan & Byrkett, for defendants.

SWING, District Judge (charging jury). The first count charges that Rue P. Hutchins, Andrew Cochran, Thomas L. Wiswall, Henry Bryant, Samuel Bennet, William F. C.

Eichmeyer, John Horn, Benjamin F. Kaufman, John C. Mitchell and Adam M. Link, on the first day of January, A. D. 1874, conspired together, with other persons unknown, to defraud the United States of its revenue under the internal revenue law, to wit, taxes on distilled spirits; and in pursuance of said conspiracy, and to effect the object thereof, that Rue P. Hutchins did open and enter the cistern room connected with the distillery of Andrew Cochran, known as distillery No. 6, at Tippecanoe, in the absence of the gauger assigned to the charge of said cistern room; and in further pursuance of said conspiracy and to effect the object thereof, the said Andrew Cochran did remove certain, to wit, ten packages of distilled spirits from said distillery, which had not been duly inspected, marked and stamped, as required by law; and in further pursuance of said conspiracy, and to effect the object thereof, the said Henry Bryant, being then and there employed as a hand at a certain rectifying establishment of Horn & Kaufman in said town of Tippecanoe, having emptied ten barrels of distilled spirits in said rectifying establishment, did not destroy the marks and brands thereon; and in further pursuance of said conspiracy, and to effect the object thereof, the said Andrew Cochran removed ten empty barrels from the rectifying establishment of Horn & Kaufman to said distillery, with the marks and brands and stamps thereon theretofore affixed before removal from the distillery; and in further pursuance of said conspiracy, and to effect the object thereof, the said William F. C. Eichmeyer did open and enter the cistern room connected with said distillery No. 6, in the absence of the gauger assigned to said room.

The second count in the indictment is nollied.

The third count charges that the defendants, on the first day of January, 1874, unlawfully removed one hundred barrels of distilled spirits, on which the tax imposed had not been paid, from the distillery of Andrew Cochran, No. 6, at Tippecanoe, to a place other than the distillery warehouse provided by law.

The fourth count charges that the defendant, on the first day of June, 1875, removed one hundred barrels of distilled spirits, on which the tax imposed had not been paid, from the distillery of Andrew Cochran, known as distillery No. 4, at Tippecanoe, to a place other than the distillery warehouse provided by law.

The fifth count charges that Andrew Cochran, on the first day of January, 1874, unlawfully removed one hundred barrels of distilled spirits, on which the tax imposed had not been paid, from his distillery at Tippecanoe, known as No. 6, to a place other than the distillery warehouse provided by law; and the other defendants aided and abetted in said removal,

The sixth count charges that Andrew Cochran, on the first day of June, 1875, unlawfully removed one hundred barrels of distilled spirits, on which the tax imposed had not been paid, from his distillery No. 4, in Tippecanoe, to a place other than the distillery warehouse provided by law; and that the other defendants aided and abetted in the removal of said spirits.

The defendants Andrew Cochran, John Horn and Benjamin F. Kaufman have not been arrested, and therefore are not now upon trial; and their acts in the premises cannot be inquired into, excepting so far as to ascertain under the first count, whether any of the defendants may have conspired with either of them to defraud the government of its taxes, as charged, or whether either of them did either of the acts charged to have been done to effect that object. And under the fifth and sixth counts, to ascertain whether the defendant, Andrew Cochran, removed the spirits, with which the other defendants are charged with aiding and abetting. As to the defendants Thomas L. Wiswall, Samuel Bennet and John C. Mitchell, the district attorney consents that you may return a verdict of not guilty; leaving the defendants Rue P. Hutchins, Henry Bryant, Wm. F. C. Eichmeyer, and Adam M. Link, upon trial, the guilt or innocence of whom is to be determined by you from the evidence in the case.

The indictment in the case is under two sections of the laws of the United States; the first count is under section 5440, Rev. St., the provisions of which are as follows: "If two or more persons conspire either to commit any offence against the United States, or to defraud the United States, in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such a conspiracy shall be liable to a penalty of not less than one thousand dollars and not more than ten thousand dollars, and to imprisonment for not more than two years." The third, fourth, fifth and sixth counts are under section 3296, the provisions of which are as follows: "Whenever any person removes, or aids or abets in the removal, of any distilled spirits on which the tax has not been paid, to a place other than a distillery warehouse provided by law, * * * he shall be liable to a penalty of double the tax imposed on such distilled spirits so removed, and shall be fined not less than two hundred dollars nor more than five thousand dollars, and imprisoned not less than three months, nor more than three years."

To justify a verdict of guilty under the first count in the indictment, the evidence must establish the fact that two or more of the defendants now on trial, conspired together, or that one or more of them conspired with Cochran, Horn or Kaufman, or with some person or persons whose names were unknown to the grand jurors, to defraud the government out of taxes due it upon distilled

spirits. Upon this branch of the count, it will be sufficient to show that two or more of the four defendants now on trial conspired together, or that they or any of them conspired with the defendants Cochran, Horn or Kaufman, or with a person or persons whose names are unknown, to defraud the government as alleged; and the evidence must further show that some one of the acts charged to have been done to effect the object of the conspiracy was committed by one of the defendants, as charged in this count. The word "conspire" means "to agree, to confederate, to combine"; so that the conspiracy charged in this case would be an agreement, or combination, to defraud the government of the taxes imposed upon distilled spirits. I cannot give you a better idea of the evidence necessary to establish this than by reading you what is said by Mr. Greenleaf upon that subject: "The evidence in proof of a conspiracy will generally, from the nature of the case, be circumstantial. Though the common design is the essence of the charge, it is not necessary to prove that the defendants came together and actually agreed in terms, to have that design, and to pursue it by common means. If it be proved that the defendants pursued by their acts the same object, often by the same means, one performing one part and another another part of the same, so as to complete it, with a view to the attainment of that same object, the jury will be justified in the conclusion that they were engaged in a conspiracy. Nor is it necessary to prove that the conspiracy originated with the defendants, or that they met during the process of its concoction; for every person entering into a conspiracy or common design already formed is deemed in law a party to all acts done by any of the other parties, before or afterwards, in furtherance of the common design." 3 Greenl. Ev. p. 120, § 93. Justice McLean in the case of U. S. v. Cole [Case No. 14,832], tried in this court, says: "A common design is the essence of the charge; and this may be made to appear, when the defendants steadily pursue the same object, whether acting separately or together, by common or different means, all leading to the same unlawful result."

So that, applying these rules to the evidence in this case, if from all the facts and circumstances proven, it is established that there existed an agreement between these defendants, or between any of them and Cochran, Horn or Kaufman, or with persons whose names are unknown, to defraud the government of its taxes on distilled spirits, it will be sufficient, although the terms of the agreement, the time when, and the place where, the same was entered into have not been shown; and although a portion of the parties may have been the owners and employés of the distillery, and another portion of them owners and employés of the rectifying and alcohol house, if they were engaged in carrying out different parts for the accomplishment of the common purpose and design. If the evidence in the case fails to satisfy your minds beyond a reasonable doubt, that there existed an agreement, combination or confederation between two or more of the defendants now upon trial, or between one or more of them and Cochran, Horn or Kaufman, or between them or one of them and persons whose names are unknown, then the defendants would not be guilty under this count of the indictment; but if it does satisfy you of the existence of such an agreement, combination or confederation, you will then proceed to ascertain from the evidence in the case whether either of the five acts charged to have been committed to effect the object of such agreement was in fact committed, to wit: The opening and entering by Rue P. Hutchins of the cistern room connected with the distillery No. 6, of Andrew Cochran, in the absence of gauger; or the removal from said distillery by Andrew Cochran, of ten packages of distilled spirits, which have not been duly inspected, marked and stamped as required by law; or that Henry Bryant, being employed in the rectifying establishment of Horn & Kaufman, emptied ten barrels of distilled spirits, and did not erase and destroy the marks, stamps and brands thereon; or that Andrew Cochran removed from said rectifying establishment, to said distillery, ten empty barrels with the marks, brands and stamps thereon, theretofore affixed before removal from the distillery; or that William F. C. Eichmeyer opened and entered the cistern room connected with said distillery in the absence of the gauger assigned to it. If the evidence fails to establish the commission of either of these acts, the defendants would not be guilty under this count; for not only must the conspiracy have existed, but some act must have been done by one of the defendants to have carried it into execution; but if the evidence does establish the commission of either one of these acts by one of the defendants as charged, they would be guilty under this count.

The third count charges all the defendants with removing, on the first day of January, 1874, from the distillery No. 6, of Andrew Cochran, to a place other than the distillery warehouse provided by law, one hundred barrels of distilled spirits upon which the tax had not been paid; if the evidence fails to establish the removal of distilled spirits upon which the tax had not been paid, from said distillery to a place other than the distillery warehouse, then the defendants would not be guilty under this count; but if it does establish the fact that any such spirits were so removed to the rectifier, or alcohol house, or to any other place than the distillery warehouse, such defendants as were engaged in such removal would be guilty.

The fourth count is in terms as the third, except that it charges the removal to have been on the 1st day of June, 1875, and from distillery No. 4; and the rules I have given you as to that count, you will apply to this. Under these two counts it was not necessary that there should have been any previous agreement between the parties to do the act, but if removals were made, all those who were actually engaged in such removals, would be guilty.

The fifth count charges that Andrew Cochran, on the 1st day of January, 1874, removed one hundred barrels of distilled spirits, on which tax had not been paid, from his distillery No. 6, to a place other than the distillery warehouse provided by law, and that the other defendants aided and abetted in such removal. If the evidence fails to establish the removal of any such spirits, the other defendants charged with aiding and abetting, could not be guilty; but if it establishes the fact that the defendant Cochran did remove any of such spirits as charged then the jury will inquire whether the evidence shows that either of the other defendants aided or abetted in such removal. To aid and abet, is to advise, counsel, encourage, incite or instigate to commit the unlawful act; to do this it is not necessary that the party charged should have been present at the time the act was committed, so that if you find from the evidence that either of the defendants advised, counseled, encouraged, incited or instigated the defendant Cochran to remove the distilled spirits as charged, such of defendants as did so would be guilty under the fifth count; if you do not so find, then the defendants would not be guilty under this count.

The sixth count is similar to the fifth, except that the time when the removal is alleged to have been made, is June 1, 1875, and the place from whence made is the distillery of Andrew Cochran No. 4. In determining, therefore, the guilt or innocence of the defendants, you will be governed by the rules applicable to that count. It is not necessary to prove time and quantity as laid in the indictment; but proof of any time, from the latter part of 1873, to the returning of the indictment in 1876, will be sufficient; and so the proof of any number or quantity will be sufficient to support the allegations of number or quantity in the indictment. The general rule as to that which is evidence, its competency, admissibility and the order of its production, are the same in criminal as in civil cases; but the measure or quantity of evidence required in each is different; in civil cases the jury are authorized to find a verdict for the party in whose favor there is a preponderance of evidence; but in criminal cases a greater measure or quantity of evidence is required. The law presumes every man who is charged with the commission of a crime to be innocent, and this presumption of innocence can only be overcome by such measure or quantity of evidence as will establish the guilt of the defendant beyond a reasonable doubt. The reasonable doubt referred to is such a doubt as arises from the evidence in the case. The doubt must, however, be a reasonable doubt, not a speculative doubt; for everything relating to human affairs, and depending upon evidence, is open to some possible or imaginary doubt. As a general rule, parties to civil cases cannot put their character in evidence; but in criminal cases the defendant may always give in evidence his good character. The purpose and object of such evidence is to show the jury that, the life and character of the defendants having been uniformly good, it is improbable that they would violate the laws of their country. I am aware that it has been held by learned jurists that evidence of good character was only admissible in doubtful cases; but I think it competent in all cases; for there may be cases in which the evidence is such, that the previous good character of the defendant would make it doubtful whether he had been guilty of the crime charged. The evidence, therefore, of good character must be considered and weighed by the jury with the other evidence in the case, and its effect is to be determined by them in connection with it.

It is the province of the court to determine the competency of the evidence; what shall be permitted to go to the jury for their consideration; but it is the exclusive province of the jury to judge of the weight of the evidence and the credit which shall be given to the testimony of the witnesses. A witness may be impeached, either by proof of general bad reputation for truth and veracity, or by showing that he has made statements out of court, upon a matter relevant to the issue, differing from those he has testified to upon the trial. If a witness has been thus impeached, the jury may reject his evidence, but are not bound by law to do so; but may consider it in connection with corroborating evidence in the case, and give to it such weight as under all circumstances they may think it entitled to. If different witnesses have testified differently in the case, it is the duty of the jury to reconcile their testimony if they can do so; but if this cannot be done, you will believe the one which under all the circumstances you think should be credited, and reject the testimony of the one which you think under all the circumstances unworthy of confidence.