GILBERT L. THOMPSON, PLAINTIFF IN ERROR, *v.* WILLIAM SELDEN, JOHN WITHERS, ROBERT W. LATHAM, AND LAWRENCE P. BAYNE, DOING BUSINESS UNDER THE FIRM OF SELDEN, WITHERS, & COMPANY.

The fifteenth section of the judiciary act of 1789 authorizes the Circuit Court, upon motion and the notice thereof, to require a party to produce books or writings, &c. and if a plaintiff shall fail to comply with such order, it shall be lawful for

*Thompson* v. *Selden et al.*

the court, on motion, to give the like judgment for the defendant as in cases of nonsuit.

It is not enough for a defendant to give notice, and then move for a judgment of nonsuit. There must be a motion for an order to produce the books and papers.

This court again decides that it rests in the sound discretion of the court below to grant or refuse a motion to continue a case; and a writ of error from such a judgment will not lie.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the District of Columbia, holden in and for the county of Washington.

The facts of the case are stated in the opinion of the court.

It was argued by *Mr. John S. Tyson* for the plaintiff in error, and by *Mr. Magruder* for the defendants. On that side, also, was a brief by *Messrs. Davidge, Ingle,* and *Chilton.*

*Mr. Tyson,* for the plaintiff in error, made the following points:

The act of Congress, September 24, 1789, empowers the Circuit Courts of the United States, in the trial of actions at law, on motion and due notice thereof being given, to require the plaintiffs to produce books or writings, in their possession or power, which contain evidence pertinent to the issue in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery.

The record, page 9, (affidavit No. 1,) shows that said books were pertinent to the issue, and (affidavit No. 2) that due notice was given to plaintiffs below to produce said books and papers.

The court's refusal to grant the order, which was an order *nisi* only, was error.

The order *nisi* issues, as a matter of course—*ex debito justitiæ.* (2 Dall., 333, Geyger *v.* Geyger; 11 Johns. R., 245; Lawrence *v.* The Ocean Ins. Co.; 3 Wash. C. C., R., 381, Joseph Bas et al. *v.* Steele.)

It is not necessary that the party applying for the order *nisi* should first produce proof of the pertinency of the evidence—a simple suggestion to that effect is sufficient. (Hylton *v.* Brown, 1 Wash. C. C. R., 298.)

If that suggestion was not sufficient in affidavit No. 1, p. 9, it was rendered completely so by affidavit No. 3, p. 10.

The court, therefore, certainly erred in refusing the order *nisi* moved after the filing of the affidavit No. 3.

Competency and pertinency of the evidence sought fully shown by that affidavit.

Entries on partnership books may be given in evidence, if

made before dissolution. (2 Wash. C. C. R., Assignees of Simonton *v.* Boucher et al.; ib., 482, Jordan *v.* Wilkins.)

*A fortiori,* entries on the books of a banking establishment.

This proceeding, under the act of 1789, is in the nature of a bill of discovery, and proceedings under it. (Wendall's Rep., vol. 9, 458, 6 Cowen, 62, Bank of Utica *v.* Hilliard; 1 Johns. R., 395, Kenny *v.* Vanhorne and Clarkson; Cowen and Hill's Notes to Ph., 191; Notes to Phill., 197.)

The right to a bill of discovery, although said to be a right of the plaintiff, is also a right of the defendant, because by cross bill he can always make himself plaintiff. (Wigram on Discovery, 24, 25.)

To a bill of discovery a party *must* answer. (Ib., 207.)

By an act of the General Assembly of Maryland, chap. 72, sec. 21, passed in 1785, the defendant in equity has the same power to interrogate the plaintiff that he has to interrogate the defendant. (Gresley's Treatise of the Law of Evidence in Courts of Equity, 43 to 46.)

So upon an order *nisi,* if the party refuses to show cause, the order becomes absolute. (Hylton *v.* Brown, 1 Wash. C. C. R., 298.)

The court further erred in refusing the necessary order, *after* the jury was sworn.

The plaintiff below could not resort to the alternative of giving evidence of the contents of the books and papers called for, because impossible. He was in that state of necessity which the law always respects and relieves. The court, in this necessity, refused even to continue the cause. In general, the refusal to continue a cause is not error, but it is presumed that this rule is not without exceptions, and that in a case like this, where by the action of the court the defendant is placed at the mercy of the plaintiff, the least the court could do would be to continue the cause. (Act Assem. Maryland, 1787, chap. 9, sec. 8.)

Upon the whole, the whole action of the court was the withholding from the jury of competent evidence offered by the defendant below, and that is error. (12 Pet., 154, Martha Bradstreet *v.* Anson Thomas; 17 How., p. 13, Cowen and Hill's Notes, vol. 4, p. 775, 776; 1 Duer, Sup. C. R., 431, 434.)

The counsel for the defendant in error made the following points:

I. That the notice to produce books and papers, served by the defendant on the plaintiffs' counsel below, in the record referred to, was insufficient in point of time, and too general in its terms and extent. (1 vol. Stat. at Large, p. 82; 2 Cranch C. C. R., 427; ib., 336; 3 Cranch C. C. R., 646.)

II. That the said notice and affidavits filed therewith are defective, because they do not show or aver that the evidence sought was "pertinent to the issue," and such as the plaintiffs "might be compelled to produce by the ordinary rules of proceeding in chancery." (3 Johns. C. R., 45; 16 Johns. R., 591, 598.)

III. That the exercise of the power invoked by the defendant's motion to produce books, &c., is matter of sound discretion with the court, and not imperative and unconditional, and that the record does not show that this discretion has been abused by the court below.

IV. That the refusal of the court to continue the cause is not error—such a motion being always addressed to the sound discretion of the court. (6 Cranch, 206, 218.)

V. That the record does not show any proper ground on which the writ of error can be sustained; and that if this result be attributable to the meagreness or omissions of the transcript, such defects must operate to defeat the plaintiffs in error, since the rule of the court, and all the intendments of the law, are in favor of the correct ruling of the court below.

Mr. Chief Justice TANEY delivered the opinion of the court.

This is a writ of error to the Circuit Court for the District of Columbia, upon a judgment rendered in that court in favor of the defendants in error, in a suit brought by them upon certain promissory notes set forth in the pleadings.

Some time before the trial, a notice was served on Selden, Withers, & Co., the defendants in error, to produce certain books and papers mentioned in the notice; and that, unless they were produced at the trial, the plaintiff in error would move the court for a nonsuit, or for a like judgment as in cases of nonsuit; and an affidavit was made by the plaintiff in error, that the books and papers specified were necessary for his defence. Those applications and motions were afterwards repeated before the trial and at the trial, upon further affidavits and notices to the same effect, which it is not necessary here to set forth.

They were opposed by Selden, Withers, & Co., who were the plaintiffs in that court, and the motions were all overruled by the court. The exception does not state on what ground they were opposed, nor upon what ground they were overruled; and as far as the case is disclosed in the record, we see nothing in the rulings of the court to impeach its judgment.

The fifteenth section of the judiciary act of 1789, under which these proceedings were had, authorizes the court, upon motion and due notice thereof, to require a party to produce books or writings in his possession or power, which contain evidence

pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery; and if a plaintiff shall fail to comply with such order, it shall be lawful for the court, on motion, to give the like judgment for the defendant as in cases of nonsuit.

The transcript does not show that any motion was made for an order upon the plaintiff to produce the books and papers mentioned in the notice. It shows that a motion was made to render a judgment of nonsuit for not complying with the notice, and also a motion for a continuance of the case. But the court is not authorized by the act of Congress to enter a judgment of nonsuit upon the failure of the party to comply with the notice. The notice is merely a preliminary proceeding, to enable the party to bring before the court the motion for the order to produce; and when that motion is made, the party called on has a right to be heard, and he is not bound to produce the books and papers called for, until the court shall order him to produce them, and is in no default unless he refuses or neglects to obey the order. The court were therefore right in refusing to enter the judgment, when no order had been moved for or granted.

And as regards the motion to continue the case, it has often been decided by this court, that the refusal of an inferior court to continue a case to another term cannot be assigned for error here. Justice requires that the granting or refusal of a continuance should be left to the sound judicial discretion of the court where the motion is made, and where all of the circumstances connected with it, and proper to be considered, can readily be brought before the court.

We think, therefore, that neither of the objections taken here can be sustained, and that the judgment of the Circuit Court must be affirmed.