BAKER v. TEXARKANA NAT. BANK et al.

LOUISIANA & N. W. R. CO. v. SAME.

(Circuit Court of Appeals, Fifth Circuit. April 28, 1896.)

No. 436.

1. PRACTICE—LOUISIANA CODE—INTERVENTION—CONTINUANCE.
    Under the Louisiana. Code of Practice providing (articles 364, 391) that third persons may intervene in suits, either before or after issue, provided the intervention do not retard the suit, but that persons so intervening must be always ready to plead or exhibit their testimony, an appellate court cannot review the exercise of discretion by the trial court in refusing an application by such an intervener, made after the commencement of a trial, for a continuance, in order to enable the intervener to take steps necessary to bring his intervention to an issue.

2. SAME—ISSUE.
    It is not error to refuse to admit evidence offered by such an intervener, when his intervention has not been brought to an issue with the original parties.

In Error to the Circuit Court of the United States for the Western District of Louisiana.

These two writs of error are taken in the same case by parties who intervened therein. As to the intervention of the plaintiff in error Baker, the record shows the following: On the 16th day of July, 1894, the Texarkana National Bank, alleging itself a creditor of the Gibsland Lumber Company, Limited, in the sum of $3,725.88 and interest and attorneys' fees, filed suit in the United States circuit court, fifth circuit and Western district of Louisiana, and obtained a writ of attachment against said Gibsland Lumber Company, Limited, by virtue of which the United States marshal on the following day attached all the visible property of said defendant, consisting of sawmill and equipments, planing mill and equipments, and sundry other articles of property, as shown by his return. Immediately said plaintiff

applied for and obtained an order to sell the property attached, which order, acquiesced in by the defendant through J. M. McGill, president, on or before July 20, 1894, was executed and all the property save a lot of lumber and logs released to defendant by order of plaintiff's attorneys, was sold, and the proceeds placed in the registry of the court, amounting to more than $3,000. On the 24th of July, 1894, Jesse L. Baker, plaintiff in error, alleging himself a seizing judgment creditor for the sum of $2,738.81 and interest and attorneys' fees, and charging fraud and collusion between plaintiff and defendant, and alleging insolvency of defendant, intervened, and filed a third opposition in said attachment suit, and prayed for appropriate relief. The district judge authorized the filing of said opposition, ordered citation and service on the plaintiff, defendant, and marshal, and directed that the proceeds of sale be held. The Texarkana National Bank, plaintiff, and the marshal, accepted service. About one year after the foregoing proceedings, to wit, at the July term, 1895, said intervener, on suggesting that the defendant company was dissolved, and its stockholders and officers had left the state, applied in open court for an order appointing a curator ad hoc, contradictorily with whom said plaintiff and marshal the judicial proceedings might be continued. The application was granted, a curator ad hoc was appointed, who accepted the appointment, and seasonably filed an answer. At the same term of the court the case was called for trial, all parties announced ready, a jury was impaneled, the plaintiff offered evidence and closed his case. The defendant offered no evidence. The intervener offered a witness to be sworn, to which objection was made, and the objection was sustained. The intervener thereupon moved to continue the case, in order that service of the intervention might be made upon the defendant company. This motion was overruled, and the intervener excepted, reserving a bill of exceptions, as follows:

"Be it remembered that in this case, the intervener having made application to the court for the appointment of a curator ad hoc to represent the defendant, the Gibsland Lumber Company, on the ground that the intervener had applied for and obtained an order of the court directing the filing of his petition of intervention, and ordering that service be made on the defendant, and that the marshal had failed to make said service, and that all of the officers of said company had left the state of Louisiana, and that the company had no officer or place of business in said state, and that, therefore, petitioner knew of no manner by which said company could be made to appear and answer except by the appointment of a curator ad hoc to represent said company: That thereupon the court appointed Charles W. Seals as said curator to represent defendant, stating that said appointment was made at the risk of the party applying for it, and the said Charles W. Seals thereupon filed an answer setting up a general denial as to intervener's claim. The case having come on for trial before a jury impaneled to try the same, and the plaintiff having concluded its evidence, and the intervener having put a witness upon the stand for the purpose of maintaining and supporting the allegations contained in his petition, and with the view of sustaining his case in said suit, the plaintiff objected to the introduction of any evidence on the part of the intervener, for the reason that there was no issue joined between the intervener and the defendant, and no testimony could be heard, which objection was sustained by the court, and the evidence rejected for the following reasons: To which ruling intervener excepted then and there in open court, and tendered this, his bill of exceptions, and asked that the same be entered of record and allowed, which was accordingly done.

"July 29, 1895.                                        Aleck Boarman, Judge."

The jury found for the plaintiff, and judgment was rendered accordingly. A motion for a new trial was filed and overruled, and the intervener sued out his writ of error, assigning as error that the court erred in the exercise of a wise discretionary power in refusing to grant the intervener sufficient time to put his case at issue as to the defendant, and in not continuing the case; that the court erred in rejecting the evidence offered by the intervener; and that the court erred in refusing the intervener a new trial.

The facts in regard to the intervention of the Louisiana & Northwestern Railroad Company are sufficiently stated in the bill of exceptions as follows:

"Be it remembered that the above cause having been called for trial on the 18th day of July, 1895, and the plaintiff having announced ready for trial, and the defendant failing to answer, and intervener, being called on, answered ready under the misapprehension that there had been a preliminary default taken by intervener against defendant, and that the case was ready to be confirmed as to that default, and a jury having been impaneled to try said cause, and the plaintiff having offered and closed its evidence, and the case having been continued over until 10 o'clock a. m., July 19th, and intervener having inspected the minutes of the court, and having found no preliminary default had been taken, and that he was in error in reference thereto when it announced ready for trial, on the opening of the court on the morning of the 19th at motion hour asked for and obtained a primary default against the defendant; and that thereupon, when the case was called to be proceeded with in the trial, intervener filed an application and motion for a continuance, which said motion and application is hereunto annexed, and made part of this bill; whereupon the court having heard said motion read, overruled and refused the same for the following reasons: * * *. To which refusal and ruling intervener then and there excepted, and tendered this, his bill of exceptions, and asked that the same be allowed and entered of record, which was so ordered and allowed.

"July 29th, 1895.                               Aleck Boarman, Judge."

Under this intervention the errors assigned are: "(1) The court erred in refusing intervener a continuance for a sufficient time to allow the case to be put at issue as to the defendant upon default. (2) The court erred in refusing intervener a new trial."

W. A. Richardson, for plaintiff in error Baker.

A. H. Leonard, for defendant in error Texarkana Nat. Bank.

Before PARDEE and McCORMICK, Circuit Judges, and SPEER, District Judge.

PARDEE, Circuit Judge (after stating the facts as above).    The Louisiana Revised Code of Practice provides:

"Art. 364. Third persons not originally party to the suit, may intervene in the same, and, like the defendant, institute demands incidental to the main action, either before judgment or on exception; and these demands are called the intervention and opposition of third persons."

"Art. 391. One may intervene either before or after issue has been joined in the cause, provided the intervention do not retard the principal suit; the person intervening must be always ready to plead or to exhibit his testimony, because he has always his remedy by separate action to vindicate his rights."

Under these provisions the respective plaintiffs in error were permitted to intervene in the main case pending in the circuit court. The record shows that both had ample time within which to plead and put their interventions at issue, the intervention of Baker having been filed nearly one year before the case was called for trial. The record further shows that the case was called for trial, all the parties, including interveners, declared themselves ready, a jury was impaneled, and evidence between the main parties to the suit adduced and closed, when the interveners moved for a continuance, involving a discharge of the jury and a postponement of the case to the next term of the court.

The power to review the discretion of a trial court in granting or refusing the continuance of a cause when application therefor is

seasonably made has been denied from an early day (Woods v. Young, 4 Cranch, 237; Sims v. Hundley, 6 How. 1; Barrow v. Hill, 13 How. 54; Thompson v. Selden, 20 How. 194; McFaul v. Ramsey, Id. 523; Cook v. Burnley, 11 Wall. 659), and we know of no cases to the contrary. In Thompson v. Selden, supra, the supreme court say:

"And as regards the motion to continue the case, it has often been decided by this court that the refusal of an inferior court to continue a case to another term cannot be assigned for error here. Justice requires that the granting or refusal of a continuance should be left to the sound discretion of the court where the motion is made, and where all of the circumstances connected with it, and proper to be considered, can readily be brought before the court."

If this be the correct rule,—and under the great authority declaring it, it cannot be disputed,—then, a fortiori, in a case where an application for a continuance is made by an intervener who is required to be always ready to plead or exhibit his testimony because he has always his remedy by a separate action to vindicate his rights, and such application is not made seasonably, but during the trial after the jury has been impaneled, and the necessary parties to the suit have submitted their evidence, "the wise discretionary power of the court" in granting or refusing the application cannot be reviewed.

The second assignment of error of the plaintiff in error Baker—that the court erred in rejecting the evidence offered by the intervener—is not well taken. The bill of exceptions shows that the evidence offered was rejected because there was no issue joined between the intervener and the defendant. The presumption from the record is that the evidence offered was against the defendant in the case, as against whom, owing to intervener's laches, there was no issue.

The assignment of error of both interveners that the court erred in refusing a new trial cannot be considered. The practice on such assignments has been settled by this court and the supreme court so frequently that it is unnecessary to discuss the matter or cite authorities. The judgment of the circuit court is affirmed.