## BALLARD v. NYE.

(Circuit Court of Appeals, Fifth Circuit. March 29, 1927.)

No. 4903.

1. **Continuance** ⬳12—**Denial of continuance for absence of defendant from illness, in action on note, held not error.**

In action on note, denial of defendant's motion for continuance on ground that he had been called out of the state as a witness in other litigation, and had been taken ill, and he was confined to his bed, supported by affidavit of his wife and telegram from physician, *held* not abuse of discretion.

2. **New trial** ⬳6—**In federal courts, grant or refusal of new trial is within judicial discretion.**

In federal courts, either the granting or the refusal of a new trial is within the sound discretion of the trial judge.

3. **Continuance** ⬳7—**In federal court, grant or refusal of continuance is within the judicial discretion.**

In federal court, the granting or refusal of a motion for a continuance is within the sound discretion of the trial judge.

In Error to the District Court of the United States for the Southern District of Florida; William I. Grubb, Judge.

Action by Gordon Nye against Frank E. Ballard. Judgment for plaintiff, and defendant brings error. Affirmed.

S. J. Barco and Edward E. Fleming, both of Miami, Fla., for plaintiff in error.

Philip Clarkson, of Miami, Fla., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is a suit on a promissory note, of which plaintiff in error was the maker and defendant in error the payee. The parties will be hereafter referred to respectively as defendant and plaintiff as they appeared in the District Court.

[1] The note was for $3,500, was dated December 8, 1923, and was due December 7, 1924, with interest at 8 per cent. payable semiannually. On June 8, 1924, the semiannual interest was paid and indorsed on the note. The note was not paid at maturity, and suit was brought in a state court in February, 1925. It was then removed to the District Court. There is but one regular term of District Court at Miami a year, beginning on the 4th Monday in April. The 1926 term of the District Court began on April 26th of that year. On the 30th of April the docket was sounded, and the case was fixed for trial for May 13th. On that day defendant presented a motion for a continuance, wherein he set up substantially that he had been called to the city of Bridgeport, Conn., as a witness in a litigation there pending, and, after reaching Bridgeport, was taken sick, and was then confined to his bed in a hotel, and that he was a material witness in his own behalf. This motion was verified by an affidavit of his wife made upon the day before the trial, and was further supported by a telegram from a physician of Bridgeport. Both the motion for a continuance and the supporting affidavit are in general terms, and rather vague, and the telegram does not show with any certainty that defendant was too sick to travel to Miami, and certainly nothing is shown that would have prevented his testifying by commission if he was in fact unavoidably detained in Bridgeport. The motion for a continuance was denied, and the case went to trial, and resulted in a verdict for defendant in error. Thereafter a new trail was refused.

The only errors assigned are to the refusal of the continuance and the refusal of a new trial.

[2, 3] It is elementary that in federal courts either the granting or refusing of a new trial or of a motion for a continuance is within the sound discretion of the trial judge. On the day of trial the note was more than 18 months overdue. The case had been pending in the District Court for about a year. Had the continuance been granted, in the usual course, unless a special term of court intervened, a

delay of another year would have been occasioned. Defendant was charged with notice of the beginning of the term, and should have anticipated the case would be called for trial, notwithstanding which he voluntarily absented himself. Considering this, and the fact that six months after it was executed plaintiff in error had paid the interest due on the note without objection apparently, and considering the general indefiniteness of the motion for a continuance and supporting documents, there was no abuse of discretion in denying the continuance and motion for a new trial.

Affirmed.