## BLANCHARD et al. v. UNITED STATES.
### No. 5662.

Circuit Court of Appeals, Fifth Circuit.
May 19, 1930.

Rehearing Denied June 25, 1930.

WALKER, Circuit Judge, dissenting in part.

Russell Allen and Clinton S. Bailey, both of Dallas, Tex., for appellants.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex. (Elijah Crippen, Asst. U. S. Atty., of Dallas, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge.

Appellants were convicted of the unlawful possession and transportation for beverage purposes of thirteen gallons of grape wine, in violation of the National Prohibition Act (27 USCA), as charged in the first and third counts of the indictment. They were acquitted on the second count, which charged the unlawful sale of the same wine, and on the fourth count, which charged a conspiracy to commit the substantive offenses alleged in the other counts. This appeal is taken on the grounds that the trial court erred in admitting proof that the wine, which was seized on Blanchard's premises without a search warrant, was intoxicating, and that without such proof the other evidence was insufficient to sustain a conviction.

The appellant Blanchard operated the Home Bottling Supplies Company, which he represented, in circulars which he sent out, was the distributor of unfermented grape juice. The appellant Wright was his salesman. Two prohibition agents by the use of one of Blanchard's circulars met Wright by appointment at a hotel. They testified that at this meeting Wright produced from a leather case four bottles which he said contained samples of wine produced from the grape juice he was offering for sale; that they tasted these samples and found them to be intoxicating; that Wright offered to sell them unfermented grape juice which he said would become wine containing about 20 per cent. of alcohol if placed in a keg and kept in a warm place for about ninety days; that they stated to Wright that they did not like to wait ninety days, but would buy wine like the samples if they could get it at once; that Wright then stated to them that three kegs containing about thirteen gallons had been shipped out and returned, and that he could sell that to them if it was still in stock; that Wright then went to the telephone, and, after talking to Blanchard, stated that the three kegs had not been sold; that they then went with him to the Home Bottling Supplies Company, where they met Blanchard; that Blanchard invited them in and drew samples from a keg which they tasted and found to be intoxicating; that they thereupon arrested Blanchard and Wright and seized three kegs of wine. Blanchard admitted that he had shipped the kegs and their contents to a prospective customer who had returned them, but claimed that the contents were not intoxicating when he made the shipment. However, the seals were not broken, and it was a fair inference that the contents were intoxicating when the kegs were shipped as well as when they were seized. The prohibition agents testified that both appellants admitted that they shipped the wine and received it back and had kept it in their possession. But Blanchard in his testimony assumed full responsibility for the shipment, and it seems reasonable, considering the whole testimony that he only made the admission attributed to both appellants as to transportation.

Under the circumstances, a search warrant was unnecessary, as the officers gained access to Blanchard's place of business by his invitation. When it came to their knowledge that the wine was intoxicating, they had the right to seize it without a search warrant. As to Blanchard, therefore, there does not seem to be any escape from the conclusion that the verdict was sustained by the evidence. But there does not appear to be sufficient evidence to sustain the conviction of Wright. So far as is shown, he was a mere salesman and was never in possession or connected with the transportation of the thirteen gallons of wine described in the indictment. It may be that he was guilty as charged of conspiracy, in which event the possession or transportation of one appellant would be binding upon the other; but both appellants were acquitted on the conspiracy count. The verdict cannot be sustained as to Wright on the ground that he both possessed and transported the four bottles of sample wines which were also intoxicating, for the reason that these samples formed no part of the thirteen gallons described in the indictment.

The judgment is affirmed as to Blanchard, and reversed as to Wright, and the cause is remanded for further proceedings not inconsistent with this opinion.

WALKER, Circuit Judge, concurs except as to the reversal of the judgment against Wright.