### HEFLIN v. UNITED STATES.

#### No. 10257.

Circuit Court of Appeals, Fifth Circuit.

Jan. 22, 1943.

Rehearing Denied Feb. 12, 1943.

Robert J. Davis, of Fort Lauderdale, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Ernest L. Duhaime and Geo. A. Smathers, Asst. U. S. Attys., both of Miami, Fla., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Appellant, Walker Haynes, and two other alleged conspirators, were jointly indicted for the offense of conspiring to violate the internal revenue laws relating to intoxicating liquor. Only appellant and Haynes were tried, the other two not having been arrested in time. The jury acquitted Haynes, but found appellant guilty, and from the judgment imposed pursuant to that verdict Heflin has appealed. There are five assignments of error, each with reference to some procedural aspect of the trial.

Appellant moved for a continuance on the ground that the two alleged co-conspirators not found in time to be tried were witnesses material to his defense and were not available on the date of the trial, though he had diligently attempted to subpoena them. One of the witnesses subsequently appeared and testified at the trial, and a capias had been issued for the other more than three months prior to the trial. His whereabouts remained unknown, and no reason existed for believing that he might be found in the future within a reasonable time. A motion for continuance is addressed to the sound discretion of the trial court, and the denial of the motion under these circumstances was not an abuse of that discretion.[1]

One witness testified about certain illicit liquor transactions between the witness and appellant. On cross-examination it was brought out that these transactions took place several years before the date of the conspiracy alleged in the indictment. A motion to strike this testimony was overruled on the ground that it tended to establish a background of association and business relationship between the parties material to the proof of overt acts alleged in the indictment, but the court immediately and carefully charged the jury that any evidence concerning illicit liquor transactions of the defendant prior to the period covered by the indictment was not to be considered by them in determining the guilt or innocence of the accused. No motion for a mistrial was made, and the motion to strike, if granted, would have entitled appellant only to have the jury instructed to disregard the testimony. In effect, therefore, the motion to strike was granted, and

[1] Thompson v. Selden, 61 U.S. 194, 15 L.Ed. 1001; Valdes v. Central Altagracia, 225 U.S. 58, 32 S.Ct. 664, 56 L.Ed. 980; Texas & P. R. Co. v. Hill, 237 U. S. 208, 35 S.Ct. 575, 59 L.Ed. 918; Smith v. Potts, Fed.Cas.No.13,094; Ballard v. Nye, 5 Cir., 18 F.2d 98.

appellant suffered no prejudice by reason of this ruling of the court.

The three remaining assignments of error may be disposed of by brief references to the law of conspiracy. Upon a trial for conspiracy to commit an offense against the United States, the acts and declarations of one of the parties to a conspiracy otherwise proven, whether or not he is a defendant, are admissible in evidence if they were made in an attempt to carry the conspiracy into execution.[2] No fatal inconsistency arises from the conviction of one co-defendant charged with conspiracy and the acquittal of the other, so long as the indictment alleges and the proof shows that another or other persons participated in the conspiracy.[3]

We find no reversible error in the record, and the judgment appealed from is affirmed.

[2] Clune v. United States, 159 U.S. 590, 16 S.Ct. 125, 40 L.Ed. 269; Blanchard v. United States, 5 Cir., 40 F.2d 904; United States v. Anderson, 7 Cir., 101 F. 2d 325, certiorari denied 307 U.S. 625, 59 S.Ct. 822, 83 L.Ed. 1502; United States v. Beck, 7 Cir., 118 F.2d 178.

[3] Austin-Bagley Corp. v. United States, 2 Cir., 31 F.2d 229, certiorari denied 279 U.S. 863, 49 S.Ct. 479, 73 L.Ed. 1002; Rosenthal v. United States, 8 Cir., 45 F. 2d 1000, 78 A.L.R. 1415.