Guy Gainey COOPER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16991.

United States Court of Appeals Fifth Circuit.

June 13, 1958.

P. C. Andrews, Jr., Thomasville, Ga., for appellant.

W. Howard Fowler, Asst. U. S. Atty., Frank O. Evans, U. S. Atty., Macon, Ga., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

PER CURIAM.

Convicted of a conspiracy to falsely forge and counterfeit an obligation of the United States and to pass and utter such falsely forged and counterfeited obligation, defendant is here appealing from the judgment of conviction and presenting two grounds for reversal.

The primary one is that there was no substantial evidence of his participation in the conspiracy and that the

court, therefore, erred in not instructing the jury to acquit him.

A second and subordinate one is that since Willie James Cox was not a party to the indictment nor charged with any crime as a result of his illegal activities regarding the conspiracy complained of, the court erred in admitting his testimony and the testimony as to his acts and declarations.

■■ Of the first claim of error, it is sufficient to say that appellant did not move for acquittal pursuant to Rule 49 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., Tomley v. United States, 5 Cir., 250 F.2d 549; Moomaw v. United States, 5 Cir., 220 F.2d 589; and that on the record there is no basis for the claim that the evidence implicating him in the conspiracy is so wanting that it would be plain error to affirm the conviction.

■ The same situation exists as to the second claim of error. The claim now made was not sufficiently asserted below to preserve it on appeal. But it would not avail appellant if the objection had been made and preserved, for Cox was admittedly the prime mover in the conspiracy, and in such circumstances the law is established quite to the contrary of the appellant's claim. In Heflin v. United States, 5 Cir., 132 F.2d 907, 909, this court thus stated the general and prevailing rule:

> "Upon a trial for conspiracy to commit an offense against the United States, the acts and declarations of one of the parties to a conspiracy otherwise proven, whether or not he is a defendant, are admissible in evidence if they were made in an attempt to carry the conspiracy into execution."

Cf. Phelps v. United States, 8 Cir., 160 F. 2d 858 and Clune v. United States, 159 U.S. 590, 16 S.Ct. 125, 40 L.Ed. 269.

The judgment is affirmed.