J. Gerald LUSTINE, t/a Lustine Realty Co.,
Appellant,

v.

Fred L. MOSLEY and Robert Faulkner,
Appellees.

No. 2600.

Municipal Court of Appeals for the
District of Columbia.

Submitted July 25, 1960.

Decided Sept. 21, 1960.

Benjamin Simon, Washington, D. C.,
for appellant.

Andrew W. Carroll, Washington, D. C.,
for appellee Fred L. Mosley.

Reginald B. Jackson, Washington, D. C.,
for appellee Robert Faulkner.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Mosley sued Lustine and Faulkner for
the cost of certain repairs to a building
made by him. In his complaint he alleged
that Lustine, as the owner or agent of the
owner of the building, contracted with
Faulkner to make certain repairs and that
with the knowledge and upon the authoriza-
tion of Lustine, Faulkner selected Mosley
as subcontractor to perform part of the
work at the agreed price of $425. The work
was completed but neither Lustine nor
Faulkner has paid the amount due.

Faulkner in his answer admitted that he
contracted with Mosley to have him per-
form the work in question, but stated that
the contract was made as agent for Lustine.
The latter had specifically authorized and
requested Faulkner to have the work done

and to have the bill sent to him. Faulkner had informed Mosley that the construction was upon the authorization of Lustine and that the bill was to be presented to and paid by him. Upon completion of the job Mosley presented the bill to Lustine who agreed to pay it when a railing was installed, but later refused to pay claiming defective construction. Although the District authorities found no defects in construction Lustine still refused to pay and claimed the price was too high.

Faulkner requested that if any judgment was rendered in favor of Mosley against him that he be given a judgment in the same amount against Lustine. He also filed a cross-claim against Lustine for repair work performed by him at the same premises. and also for other work done on a different building. At the conclusion of the trial the court rendered judgment for Mosley against Lustine only, in the amount of $425, and for Faulkner on that part of his cross-claim which involved only the work he did on the premises in question.

Lustine raises two main points on appeal. First, that the court erred in refusing a continuance of the trial of the case; and second, that the ruling of the trial judge was contrary to the law and the evidence.

As to the second error claimed we have no difficulty in holding that there was sufficient evidence to support the finding and judgment.

We also reject Lustine's claim that the court erred in refusing a continuance. The parties were notified that the case would be called for trial on January 13, 1960, at 10 a. m.; neither Lustine nor his counsel appeared. The court tried unsuccessfully to reach either Lustine or his counsel, whereupon judgment by default was entered against Lustine. The latter on January 15 filed a motion to vacate the default entry and on January 27 the default was set aside and a new trial date set in February. Counsel for Lustine objected to

that date on the ground that his client was leaving the country on January 30 and would be gone for approximately a month; the court then set the trial for January 29. On this date counsel for Lustine made an oral motion before the motions judge for a continuance and filed an affidavit to the effect that it was not possible for him to locate several witnesses, and that it was necessary to check the records of the Building Inspector and that there was insufficient time to issue a subpoena for the Inspector. Mosley had already issued a subpoena to the office of the Building Inspector requiring production of all plans and other records relating to the repairs in question, and a representative of that office was present in court together with the records. The court then denied the requested continuance and the case was assigned to the trial judge for trial. Counsel for Lustine renewed his request for a continuance before the trial judge asserting the same reasons. Counsel for Mosley suggested to the court that the same reasons had already been heard and rejected by the motions judge but that if counsel for Lustine would indicate who the missing witnesses were and the substance of their testimony, he would undoubtedly stipulate that if such witnesses were present and testified that they would testify in substance in such manner as Lustine's counsel asserted. The latter never identified the witnesses nor gave the import of any proposed testimony. The court thereupon denied the motion for continuance but after announcing its trial findings informed Lustine and his counsel that if they could make any showing before the time for the entry of judgment that any missing witnesses could give material testimony respecting the issues it would give Lustine an opportunity to present such testimony. No request was made by him to produce any additional testimony and the court thereafter rendered judgment.

We think the court was justified in refusing the continuance under the circumstances of this case.

Affirmed.