David WOEHLER and American States
Insurance Company, a body corporate,
Appellants,

v.

Edward SARBOV, Appellee.

No. 2848.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 6, 1961.

Decided Nov. 29, 1961.

Charles B. Sullivan, Jr., Washington, D. C., for appellants.

Pierre E. Dostert, Washington, D. C., with whom Samuel C. Borzilleri, Washington, D. C., was on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

PER CURIAM.

Appellant Woehler and his insurer sued a parking lot operator for damage to an automobile. At the opening of the trial plaintiffs' counsel presented a set of interrogatories he had sent in the mail to Woehler, and Woehler's answers thereto, sworn to before a Michigan notary public. The trial judge refused to receive the interrogatories and answers as evidence because they did not comply with the rules of court relating to depositions. He also denied plaintiffs' request for a continuance, and plaintiffs having rested without offering any other evidence, there was a finding for defendant.

The interrogatories and answers of the non-resident plaintiff were unilateral and ex parte and made no provision for cross interrogatories by defendant. They did not remotely purport to comply with rules governing the taking of depositions in such situations, and could not be used as evidence.

The other question is whether it was reversible error to refuse a continuance. The damage to the Woehler automobile had allegedly happened some 17 months before trial, the original complaint had been

on file for several months, and the case was brought to issue a full month before the trial date. Plaintiffs must have known well in advance of that date whether Woehler could be present or would have to prove his case by deposition. Counsel for defendant was present and ready for trial, accompanied by defendant and another witness. We cannot say that they should have been required to come back on a later date, or that it was an abuse of discretion to refuse a continuance.

Affirmed.