**JACQUELINE, INC., a corporation,**
**Appellant,**

v.

**ELMAN LABELS, INC., a corporation,**
**Appellee.**

No. 3120.

District of Columbia Court of Appeals.

Argued Dec. 17, 1962.

Decided Jan. 18, 1963.

Rehearing Denied Jan. 30, 1963.

time, and for reasons (1), (2), and (3) not more than three months after the judgment, order, or proceeding was entered or taken. * * *"

Edmund L. Browning, Jr., Washington, D. C., for appellant.

Dexter M. Kohn, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellee recovered judgment against appellant in a contract action for the price of goods sold and delivered. This appeal followed.

Appellant alleges two main points of error: first, failure to grant a continuance of the trial of the case; and, second, insufficient evidence to support the finding and judgment.

1. Appellant contends that the court was arbitrary in refusing continuance of the trial. A default had previously been entered against appellant as a result of its failure or omission, after personal service, to appear and answer the complaint. Subsequently this default was vacated and the case set for trial. Thereafter three continuances were granted, with the notation by the court upon the last one that no further extensions would be approved.

As early as 1858 the Supreme Court stated in Thompson v. Selden, 20 How. 194, 61 U.S. 194, 198, 15 L.Ed. 1001:

> "Justice requires that the granting or refusal of a continuance should be left to the sound judicial discretion of the court where the motion is made, and where all of the circumstances con-

4. Cf. Holden v. Peters, D.C.Mun.App., 116 A.2d 155 (1955).

nected with it, and proper to be considered, can readily be brought before the court."

See also Woehler v. Sarbov, D.C.Mun.App., 175 A.2d 794; Lustine v. Mosley, D.C. Mun.App., 163 A.2d 631. We find that the court was justified in refusing to grant another continuance under the circumstances of this case.

2. As to the second error claimed, we have no difficulty in holding that there was sufficient evidence to support the finding and judgment.

Affirmed.