## CLUNE *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF CALIFORNIA.

No. 517.   Argued October 30, 1895. — Decided November 18, 1895.

It is doubtful whether the record and bill of exceptions present for review the matters complained of in the brief of counsel.

On the trial of parties charged with the criminal offence of conspiring to stop the mails, contemporary telegrams from different parts of the country, announcing the stoppage of mail trains, are admissible in evidence against the defendants if identified and brought home to them.

So, too, the acts and declarations of persons not parties to the record are in such case admissible against the defendants if it appears that they were made in carrying the conspiracy into effect, or attempting to carry it into effect.

Instructions of the court below, to become part of the record, must be incorporated in a bill of exceptions, and be authenticated by the signature of the trial judge.

It is within the power of Congress to provide, for persons convicted of conspiracy to do a criminal act, a punishment more severe than that provided for persons committing such act.

THE case is stated in the opinion.

*Mr. Robert Christy* for plaintiff in error. *Mr. Johnstone Jones, Mr. W. T. Williams,* and *Mr. George M. Holton* filed a brief for same.

*Mr. Attorney General* for defendants in error.

MR. JUSTICE BREWER delivered the opinion of the court.

On July 3, 1894, the plaintiffs in error, together with one A. T. Johnson, were indicted under section 5440, Rev. Stat., in the District Court for the Southern District of California, for a conspiracy to obstruct the passage of the United States

mails. On November 17 a jury was empanelled and a trial begun, which resulted, on November 21, in a verdict of guilty. Motions for a new trial and in arrest of judgment having been overruled, the defendants were, on December 6, each sentenced to pay a fine of one dollar and to be imprisoned in the county jail of Los Angeles County for the period of eighteen months. The defendant Johnson, at the time of sentence, withdrew his motions for a new trial and in arrest of judgment. The other defendants, the present plaintiffs in error, have brought the case to this court.

It is doubtful whether the record is in such condition as to present for review the matters complained of in the brief or argument of counsel. There is only one bill of exceptions, which was signed and filed on December 24, and is authenticated in these words: "The defendants claiming that they are entitled to a bill of exceptions to review the ruling upon their motion for a new trial and having presented the foregoing as such bill, the same is hereby allowed and settled as a correct statement of the proceedings had on the trial so far as it goes." It preserves no portion of the charge, does not purport to contain all the evidence, but does state that on the trial certain testimony was offered and admitted over the objections of defendants, and exceptions taken. If this bill of exceptions was prepared simply for the purposes of a review of the ruling on the motion for a new trial, as seems to be suggested by the words of the authentication, then we are confronted with the proposition so often announced that the action of the court in overruling a motion for a new trial is not assignable as error. *Moore* v. *United States,* 150 U. S. 57; *Holder* v. *United States,* 150 U. S. 91; *Blitz* v. *United States,* 153 U. S. 308; *Wheeler* v. *United States,* 159 U. S. 523. If no error can be affirmed in overruling a motion, it would seem unnecessary to examine the record of that which was presented on the hearing of such motion.

But passing that, and assuming that we are at liberty to examine, for any purpose, the bill of exceptions, the contentions of counsel in the brief are practically three in number: First, that there was on the trial error in the admission of

testimony; second, that the verdict was against the evidence; and, third, that the court erred in the instructions.

With reference to the first it may be remarked that the offence charged against the defendants took place during and was a part of the great strike, which was brought to the attention of this court in *In re Debs*, 158 U. S. 564. One series of objections under this head is to the introduction of telegrams, some signed by the defendants, some by Debs, and others by still other parties, all of which upon their face have more or less direct reference to the stopping of railroad trains. The following are samples of these telegrams:

"EXHIBIT No. 19.

"Los Angeles, Cal.,—— 29, 1894.

"To Barrett, Bakersfield:

"Have stopped trains at Mojave, come to Los Angeles with engine and caboose.

PHILIP STANWOOD."

"EXHIBIT No. 20.

"L. A., 7 10, 1894.

"To L. B. Hays:

"No. nineteen and one freight train left here this morning — everybody on the train are 'scabs.' Hold them there. Sure to win. "W. H. CLUNE, *Sec'ty*."

"EXHIBIT No. 21.

"JUNE 26, 1894.

"CHICAGO, ILLS.,—— 26.

"W. H. Clune, 1844 Naud St., Los Angeles, Calif.:

"Boycott against Pullman cars in effect at noon to-day by order of convention. E. V. DEBS."

Although all the evidence does not appear to have been preserved in this bill of exceptions, enough is disclosed to show that the government was seeking to establish a conspiracy by circumstantial testimony, and telegrams of this character, if identified and brought home to the defendants, were obviously circumstances tending to show such conspiracy. It is familiar law that where a case rests upon that

character of evidence much discretion is left to the trial court, and its ruling will be sustained if the testimony which is admitted tends even remotely to establish the ultimate fact. *Alexander* v. *United States*, 138 U. S. 353; *Holmes* v. *Goldsmith*, 147 U. S. 150; *Moore* v. *United States*, 150 U. S. 57; *Thiede* v. *Utah Territory*, 159 U. S. 510. There was no error in admitting these telegrams.

Another series of objections is to the admission of the declarations and acts of parties other than the defendants, to wit, Gallagher and Buchanan, on the ground that they were not parties to the record. The indictment charged the defendants with conspiring and combining together, and with other persons. Now, if Gallagher and Buchanan were conspirators with defendants, evidence of their acts and declarations in carrying or attempting to carry into effect the conspiracy was competent, and we must assume in the silence of the record that it was shown that they were engaged in the conspiracy, and that their acts and declarations were in execution thereof.

Again, it is insisted that the verdict was against the evidence. It is enough to say that such a contention cannot be sustained unless all the testimony, or all upon some essential fact, is presented.

Finally, there is a claim of error in the instructions, but the difficulty with this is that they are not legally before us. True, there appears in the transcript that which purports to be a copy of the charge, marked by the clerk as filed in his office among the papers in the case; but it is well settled that instructions do not in this way become part of the record. They must be incorporated in a bill of exceptions, and thus authenticated by the signature of the judge. This objection is essentially different from that of the lack or the sufficiency of exceptions. An appellate court considers only such matters as appear in the record. From time immemorial that has been held to include the pleadings, the process, the verdict, and the judgment, and such other matters as by some statutory or recognized method have been made a part of it. There are, for instance, in

some States statutes directing that all instructions must be reduced to writing, marked by the judge "refused" or "given," and attested by his signature, and that when so attested and filed in the clerk's office they become a part of the record. But in the absence of that or some other statutory provision a bill of exceptions has been recognized as the only appropriate method of bringing onto the record the instructions given or refused. *Struthers* v. *Drexel*, 122 U. S. 487, 491; Supreme Court Rules No. 4, 108 U. S. 574; *Insurance Company* v. *Radding*, 120 U. S. 183, 193; *McArthur* v. *Mitchell*, 7 Kansas, 173; *Moore* v. *Wade*, 8 Kansas, 380; *Kshinka* v. *Cawker*, 16 Kansas, 63; *Lockhart* v. *Brown*, 31 Ohio St. 431; *Pettett* v. *Van Fleet*, 31 Ohio St. 536.

Even if we were to ignore this lack of due authentication we should be met with the want of any proper exceptions. To the charge as apparently given on November 20, when the case was submitted to the jury, there is no pretence of any exception whatever. The journal entry of November 21 shows that the jury were brought into court and announced that they had not agreed upon a verdict. Then follows this statement: "Thereupon the court further instructs the jury by reading written instructions to them, all of which is excepted to by the defendants' attorneys," and this is the only exception having any reference to instructions to be found in the transcript. Exactly what was intended by it is not clear. If the objection was simply to the time and manner of giving instructions, the propriety of such action has been sustained in *Allis* v. *United States*, 155 U. S. 117, 123. If to what was contained in those instructions, then in addition to the fact that they have not been preserved in any bill of exceptions arises the further difficulty that no particular proposition is called to the attention of the court.

These are all the matters pointed out by counsel in the brief. At the argument in this court other counsel than those whose names are on the brief appeared, and in addition presented this further objection: By section 3995, Rev. Stat., the offence of obstructing the passage of the mails is made punishable by a fine of not more than $100. Under section

5440, Rev. Stat., a conspiracy to commit any offence against the United States is punishable by a fine of not less than $1000 nor more than $10,000, and by imprisonment for not more than two years. Upon this he contended that a conspiracy to commit an offence cannot be punished more severely than the offence itself, and also that when the principal offence is, in fact, committed, the mere conspiracy is merged in it. The language of the sections is plain and not open to doubt. A conspiracy to commit an offence is denounced as itself a separate offence, and the punishment therefor fixed by the statute, and we know of no lack of power in Congress to thus deal with a conspiracy. Whatever may be thought of the wisdom or propriety of a statute making a conspiracy to do an act punishable more severely than the doing of the act itself, it is a matter to be considered solely by the legislative body. *Callan* v. *Wilson*, 127 U. S. 540, 555. The power exists to separate the conspiracy from the act itself and to affix distinct and independent penalties to each. With regard to the suggestion that the conspiracy was merged in the completed act, it is enough that we cannot, upon the record, hold that the mails were obstructed. All the testimony not being preserved, it may be that the testimony satisfied the jury that there was, in fact, no obstruction of the mails, but only as charged a conspiracy to obstruct. If so, the suggestion of a merger falls to the ground.

These are the only matters called to our attention. In them we perceive no error, and the judgment is

*Affirmed.*