UNITED STATES v. CLARK et al.

(District Court, W. D. Missouri, W. D. May 29, 1908. Additional Opinion, July 7, 1908.)

No. 2,662.

1. CONSPIRACY — CONSPIRACY TO COMMIT OFFENSE AGAINST UNITED STATES — VIOLATION OF INTERSTATE COMMERCE LAW.

Hepburn Act June 29, 1906, c. 3591, § 1, 34 Stat. 584 (U. S. Comp. St. Supp. 1907, p. 892), which makes it a criminal offense for a common carrier to issue any interstate free transportation, except to certain classes of persons, and for any person not belonging to one of such classes to use such free transportation, does not subject to punishment the officer or agent who issues such transportation, nor a person to whom it is issued, unless he uses the same; and hence an indictment will lie, under Rev. St. § 5440 (U. S. Comp. St. 1901, p. 3676), for conspiracy to commit an offense under said act, against an agent of a railroad company and others, to whom by agreement he issues interstate free passes on behalf of said company, and who pursuant to such agreement sell the same for use by others not within the excepted classes.

2. SAME—DEFENSES.

An agent of a railroad company, having authority to issue passes, indicted with others for a conspiracy to issue interstate free passes, to be, and which were, used in violation of Hepburn Act June 29, 1906, c. 3591, § 1, 34 Stat. 584 (U. S. Comp. St. Supp. 1907, p. 892), cannot defend on the ground that his principal had no knowledge of the fact, and therefore committed no offense under the act.

On Separate Demurrer of Defendant Samuel C. Clark to Indictment.

A. S. Van Valkenburgh, U. S. Atty.

S. W. Moore and Leon Block, for defendant Samuel C. Clark.

POLLOCK, District Judge. This is a criminal prosecution by indictment, brought under the provisions of section 5440, Rev. St. (U. S. Comp. St. 1901, p. 3676), against one Samuel C. Clark, chief clerk in the office of the general superintendent of the Missouri Pacific Rail-

way Company, and as such clerk vested with the power of issuing free interstate transportation over the lines of said railway company, and against Nick Nistas and Louis Agnes, Greek laborers engaged in the business of procuring laborers to work upon railroads. The indictment in substance charges Clark, Nistas, and Agnes with conspiring and confederating together to commit an offense against the laws of the United States, in this, to wit: In pursuance of an unlawful agreement to so do, the defendant Clark, as chief clerk of the general superintendent of the railway company, agreed to, and did, issue free interstate transportation or passes to Nistas and Agnes for themselves and many other laborers, which free transportation or passes were by Nistas and Agnes agreed to be, and were, for their benefit, sold to other persons, who were carried on such interstate transportation. That such persons so carried on such free interstate transportation or passes were not such persons as are excepted from the operation of, but are within the class of persons prohibited from using free interstate railway transportation under the provisions of section 1 of what is commonly known as the "Hepburn Act" (Act June 29, 1906, c. 3591, 34 Stat. 584 [U. S. Comp. St. Supp. 1907, p. 892]), which, in so far as material here, reads as follows:

"No common carrier subject to the provisions in this act, shall, after January first, nineteen hundred and seven, directly or indirectly, issue or give any interstate free ticket, free pass, or free transportation for passengers (except as stated). Any common carrier violating this provision shall be deemed guilty of a misdemeanor and for each offense, on conviction, shall pay to the United States a penalty not less than one hundred dollars nor more than two thousand dollars, and any person, other than the persons excepted in this provision, who uses any such interstate free ticket, free pass, or free transportation shall be subject to a like penalty."

To this indictment defendant Clark has filed his separate demurrer, which has been fully presented in oral argument and on briefs of counsel. The theory of counsel for Clark is this: That a corporation can act only through its authorized agents. Therefore the defendant Clark stands in this case for the railway company in the issuance of the prohibited free interstate transportation to defendants Nistas and Agnes. That the offense prescribed and punished by section 1 of the Hepburn act, above quoted, is complete in itself and requires a multiplicity of agents to unite in the accomplishment of the offense therein prescribed; that is to say, some authorized representative of the railway company to issue the prohibited free transportation on the part of the railway company, and some unauthorized person or persons, as were Nistas, Agnes, and others, to use such transportation in being carried on an interstate journey. Therefore, as the indictment in this case charges the completed offense of the issuing of such unlawful free transportation by the railway company, on the one hand, and its receipt and use by Nistas and Agnes, on the other, the punishment prescribed by the Hepburn act must follow. That such completed offense, requiring a multiplicity of agents for its accomplishment, cannot be made the basis of an indictment for conspiracy under the provisions of section 5440, as is attempted in this case, for that in such case to uphold the indictment would place within the power of

the District Attorney to enlarge the punishment prescribed by Congress for a violation of the Hepburn act into that more severe punishment prescribed by Congress for a violation of the conspiracy act (section 5440). And U. S. v. Dietrich (C. C.) 126 Fed. 664, and U. S. v. New York Central Railway Company (C. C.) 146 Fed. 298, applying the rule stated by Mr. Wharton in his Criminal Law (section 1339), are cited in support of the contention made. The rule as stated by Mr. Wharton is:

"When the law says a combination between two persons to effect a particular end shall be called, if the end be effected, by a certain name, it is not lawful for the prosecution to call it by some other name; and when the law says such an offense—e. g., adultery—shall have a certain punishment, it is not lawful for the prosecution to evade this limitation by indicting the offense as conspiracy."

With the rule as applied in the Dietrich and New York Central Cases, supra, and many other cases, there certainly can be no just or rational cause of complaint. And if this case be one of the simple issuance of prohibited railway transportation by a railway company through its agent empowered to issue such transportation, on the one hand, and its use by the recipient, not falling within the excepted classes as enumerated in the act, on the other, I am persuaded such offense cannot and should not be made the basis of a charge of conspiracy under section 5440, but should be charged, tried, and punished as the Congress has provided in the Hepburn act, and in no other manner or way; for to my mind it would be most intolerable, indeed, if the criminal laws of our country be such that the extent of the punishment for wrongdoing may be made to depend on the form of its presentation to the court, and not on the will of Congress, as provided in the law creating and defining the offense and prescribing the punishment. It therefore becomes material here to inquire whether the rule stated by Mr. Wharton in his work, and as applied in the cases above cited, is applicable to the facts charged in this indictment, or whether the acts here charged against the defendants do not fall within the exception to the rule.

There can be no doubt but that the act of Clark in issuing the transportation in question was the act of the railway company, for which it may be charged, tried, and punished under the terms and provisions of the Hepburn act, as could be the prohibited persons who use such transportation. But the Congress has not deemed it proper by the terms of the Hepburn act to punish the officer, agent, or servant of a railway company who issues prohibited free interstate transportation, but the company he represents alone. Nor has Congress by the terms of that act made criminal the acceptance, possession, or sale of prohibited free transportation, but has made criminal alone the act of the person who uses such prohibited transportation for the purpose of being carried on an interstate journey. It is therefore quite clear to my mind the acts charged against defendants, although completed in purpose, do not constitute on behalf of the defendants here represented a violation of the provisions of the Hepburn act.

It therefore follows, if the defendants, as charged, agreed and confederated together to cause the railway company to violate the

provisions of the Hepburn act by the issuance of this free transportation, or the nonexcepted persons in whose hands such transportation might come to use such transportation for the purpose of being carried by the railway company in interstate travel, then, in my opinion, they may be presented, tried, and punished as for a conspiracy to violate the provisions of the Hepburn act; for they are clearly within the exception to the rule as stated by Mr. Wharton, as follows:

"Of course, when the offense is not consummated, and the conspiracy is one which by evil means a combination of persons is employed to effectuate; this combination is of itself indictable; and hence persons combining to induce others to commit bigamy, adultery, incest, or dueling do not fall within this exception, and may be indicted for conspiracy." Wharton's Crim. Law, § 1339.

This exception to the rule was applied by Circuit Judge Adams, delivering the opinion of the Circuit Court of Appeals for this Circuit in the case of Thomas & Taggart v. United States, 156 Fed. 897, 84 C. C. A. 477, as follows:

"If, when the coaction of two or more persons is necessary to complete the commission of a crime, no outside persons, however effectually and wickedly they may have conspired with them or either of them to bring about the violation of the law, can be held for a conspiracy, immunity from a most salutary criminal provision is found for many of the worst violators of the law. It is the schemers who set afoot the infractions of the law that are most dangerous to the public weal, and we cannot believe that Congress ever intended, *except in cases of a clear doubling of punishment of the same persons for the same offense, to relieve them from amenability to the conspiracy statute.*" (Italics mine.)

As said by Mr. Justice Brewer, delivering the opinion of the court in Clune v. U. S., 159 U. S. 590, 16 Sup. Ct. 125, 40 L. Ed. 269:

"The language of the section is plain, and not open to doubt. A conspiracy to commit an offense is denounced as itself a separate offense, and the punishment therefor fixed by the statute, and we know of no lack of power in Congress to thus deal with a conspiracy. Whatever may be thought of the wisdom or propriety of a statute making a conspiracy to do an act punishable more severely than the doing of the act itself, it is a matter to be considered solely by the legislative body. Callan v. Wilson, 127 U. S. 540–555, 8 Sup. Ct. 1301, 32 L. Ed. 223. The power exists to separate the conspiracy from the act itself, and to affix distinct and independent penalties to each."

It follows, from what has been said, the separate demurrer of the defendant Clark must be overruled; and it is so ordered.

## Additional Opinion.

It is now further contended by defendant Clark, in support of his separate demurrer to the indictment, that the act of the issuance of free interstate passes must have been knowingly done on the part of the defendant railroad company, or some officer or agent having authority to issue the same, in case where the knowledge of such officer or agent would be attributed to the company; and Conrad v. United States, 127 Fed. 800, 62 C. C. A. 478, Salla v. United States, 104 Fed. 544, 44 C. C. A. 26, and Armour Packing Co. v. United States, 209 U. S. 56, 28 Sup. Ct. 437, 52 L. Ed. 681, are cited in sup-

port of the contention made. This proposition, I think, must be conceded.

Based on this proposition the further argument is made, as it is charged in the indictment that defendant Clark is the only representative of the railroad company alleged to have had such guilty knowledge, and as it is further charged that Clark was in a conspiracy against his company, hence guilty knowledge possessed by him will not be imputed to the railroad company. Therefore the indictment, in failing to charge such fact as will, if proven, show a violation of the Hepburn act on the part of the railroad company, although the prohibited transportation was in fact issued, fails to charge any offense against defendants as conspirators. And American Surety Company v. Pauly, 170 U. S. 133, 18 Sup. Ct. 552, 42 L. Ed. 977, School District v. De Weese (C. C.) 100 Fed. 705, Central Coal & Coke Co. v. Good, 120 Fed. 793, 57 C. C. A. 161, and other cases, are cited in support of this contention. However, this is a prosecution against Clark and others; not against the railroad company.

Conceding the railroad company might, when prosecuted for issuing prohibited free transportation in violation of the provisions of the Hepburn act, defend itself on the ground it had no guilty knowledge of the prohibited act done by its guilty agent in conspiracy with others against it, yet the question remains, can Clark, in defense of this prosecution against him, assert such rule in his defense? I think not. As charged, he knew, and it will not lie in his mouth to say his knowledge is not the knowledge of his principal, the railroad company, on any ground except by confession, of his guilty participation in the conspiracy charged. If the railroad company is not guilty of a violation of the law, it is because Clark is guilty of a conspiracy to cause a violation of the law on the part of the railroad company.

I am still of the opinion the demurrer to the indictment must be overruled. It is so ordered.