ISENHOUER et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.   March 25, 1919.)

No. 5170.

CRIMINAL LAW ⬤⟶423(4)—EVIDENCE—ACTS OF COCONSPIRATOR.

Where a conspiracy has been shown, the act of one conspirator in furtherance of the common purpose is admissible in evidence against all; and this is so, though the conspirator committing the act was not a defendant in the case being tried.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Criminal prosecution by the United States against Clure Isenhouer and others.   Judgment of conviction, and defendants bring error.   Affirmed.

Roscoe C. Arrington, of Shawnee, Okl. (John L. Arrington, of Shawnee, Okl., on the brief), for plaintiffs in error.

Redmond S. Cole, Asst. U. S. Atty., of Pawnee, Okl. (John A. Fain, U. S. Atty., of Lawton, Okl., on the brief), for the United States.

Before HOOK, Circuit Judge, and TRIEBER, District Judge.

HOOK, Circuit Judge.   The plaintiffs in error were convicted of violating section 6 of the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1089 [Comp. St. § 10170]), by conspiring among themselves and with others to prevent, hinder, and delay by force the execution of the Selective Draft Act of May 18, 1917 (40 Stat. 76, c. 15 [Comp. St. 1918, §§ 2044a–2044k]).   They do not contend here that the evidence at the trial was insufficient to sustain the verdict against them.   The only ground for reversal of the sentences is the admission in evidence of certain threatening notes sent to two deputy sheriffs and an assault upon one of them with intent to kill.

There was overwhelming proof of the existence in Oklahoma, including the Western judicial district, where this case arose, of an extensive organization, which the members called the "Working Class Union," an avowed purpose of which was to destroy the established order of society by force of arms, the killing of officials, and the destruction of property by various acts of sabotage.   They claimed to have the support of and to be working in concert with the Industrial Workers of the World, commonly called the "I. W. W."   Upon the commencement of the war between the United States and the Imperial German government, and the passage of the Selective Draft Act of May 18, 1917, the activities of the organization were revived and directed against the efforts of this government to execute the above statute and to raise its military forces.   Numerous overt acts, including revolt and incipient rebellion, occurred.   There was substantial proof that the accused were members of a subdivision or local of the larger organization and had knowledge of its criminal purposes.

While the conspiracy was afoot, certain threatening notes were sent

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to two deputy sheriffs, ordering them to leave the country or incur bodily harm. Four were signed "I. W. W.," and the fifth "The Bunch." During the period covered by the sending of the notes, an effort was made in the nighttime to assassinate one of the officers. It is urged that the evidence of the above was inadmissible, because it tended to prove offenses that were separate and distinct from that charged in the indictment. Counsel misconceive the ground upon which it was received. While it was not shown that the accused personally sent the threatening notes or participated in the assault, there was substantial evidence tending to show that the acts were committed by members of the organization to which the accused belonged, and were in aid of and to carry out its unlawful objects. One of the methods of the organization was to impose the will of its members upon the community by threats and physical violence. There was also proof that the acts in question had relation to the common purpose of defeating the observance and enforcement of the provisions of the Draft Act, including the proclamations and regulations in aid thereof. It is an old rule that, when a conspiracy has been shown, the act of one conspirator in furtherance of the common purpose is evidence against all; and this is so, though the conspirator committing the act was not a defendant in the case being tried. Clune v. United States, 159 U. S. 590, 16 Sup. Ct. 125, 40 L. Ed. 269.

The sentences are affirmed.