MERRILL et al. v. UNITED STATES.

No. 5684.

Circuit Court of Appeals, Fifth Circuit.

May 16, 1930.

Rehearing Denied June 11, 1930.

E. Howard McCaleb, Jr., of New Orleans, La., for appellants.

Edmond E. Talbot, U. S. Atty., of New Orleans, La.

Before BRYAN and FOSTER, Circuit Judges, and HOLMES, District Judge.

HOLMES, District Judge.

The appellants were convicted under section 37 of the Penal Code (18 USCA § 88) of conspiracy to violate subsection b (1)

of section 29 of the Bankruptcy Act (11 USCA § 52(b)(1), in this, that they unlawfully and feloniously agreed and conspired to conceal from the receiver and trustee in bankruptcy certain assets belonging to the estate of R. M. Merrill, one of the conspirators. Numerous overt acts were alleged and proven, the most important being that on May 8, 1926, Wineman introduced Merrill at the Canal Bank & Trust Company, in New Orleans, under the name of C. A. Davis, for the purpose of permitting Merrill to open an account with bankruptcy funds under such false name. The account was opened and checks for collection entered by Merrill under the name of Davis.

It is also charged that Wineman himself otherwise actively assisted in carrying out the criminal scheme by receiving large sums of money belonging to Merrill which were deposited in the Canal, and other banks, either in his own name or that of Mr. and Mrs. A. V. Wineman.

There was no direct testimony of the unlawful agreement, but no question is raised as to the sufficiency of the circumstantial evidence to support the verdict.

The court charged the jury fully and fairly upon the law, and no exception was taken thereto, except in one instance where the court gave accurately the substance of a requested charge, but declined to grant it in the exact words of appellants' counsel. There was no error in this.

But the appellants' counsel insists that the court erred and that they were greatly prejudiced in the admission of certain testimony offered by the government.

There was testimony of intimate relations between the appellants as early as 1925, though the indictment alleged that the conspiracy began on or about the 5th day of April, 1926, and the first incriminating direct evidence against Wineman was his act in introducing Merrill at the bank on May 8, 1926.

The court permitted evidence to go in against both of them to the effect: (1) That on April 4, 1926, Merrill had caused to be made on his books a false entry crediting Wineman with $20,000; and (2) that during the same month Merrill caused to be prepared a list of his creditors.

If proof of the conspiracy has been introduced, the acts and declarations of co-conspirators are admissible against the others of their number, as each is the agent of the rest in furtherance of the common design. Bannon v. U. S., 156 U. S. 464, 15 S. Ct. 467, 39 L. Ed. 494; Clune v. U. S., 159 U. S. 590, 16 S. Ct. 125, 40 L. Ed. 269; U. S. v. Lancaster (C. C.) 44 F. 896, 10 L. R. A. 333.

This is not true before the conspiracy is formed or after it is terminated or accomplished. Brown v. U. S., 150 U. S. 93, 14 S. Ct. 37, 37 L. Ed. 1010; Erber v. U. S. (C. C. A.) 234 F. 221; Logan v. U. S., 144 U. S. 263, 12 S. Ct. 617, 36 L. Ed. 429.

But where the act of a co-conspirator is of such character as to tend to establish the existence of a conspiracy, then it should not be excluded merely because it is also of such a character as to bind all of the conspirators by its consequences in the event of the prior establishment of the conspiracy.

The record shows Merrill and Wineman together in the fall of 1925, with two women, posing as their respective wives, and also shows them living with these same two women at 4405 St. Roch avenue, in New Orleans, at the time the assets of Merrill were in Wineman's bank account, thus showing an intimate relationship between them as early as 1925, and as late as September, 1926.

The proof of the conspiracy being admittedly sufficient after May 8, 1926, we conclude that, in view of the other evidence, the entry on the books and the preparation of the list of creditors by Merrill were circumstances tending to show the existence of the conspiracy at the earlier dates, and therefore admissible against both, not as overt acts of one binding upon the other, but as mere circumstances which, together with the other evidence, the jury was entitled to consider for the purpose just mentioned.

The fact that this would extend the conspiracy back to a date prior to that laid in the indictment is immaterial, as the overt acts are within the period of the statute of limitations. U. S. v. Hutchins, 26 Fed. Cas. page 442, No. 15430; U. S. v. Goldberg, 25 Fed. Cas. page 1342, No. 15223; Bradford v. U. S. (C. C. A.) 152 F. 617; Heike v. U. S., 227 U. S. 139, 33 S. Ct. 226, 57 L. Ed. 450.

Great latitude should be allowed in the admission of circumstantial evidence. The jury should have for its consideration every fact which has a tendency to prove the ultimate matter in issue and which will enable it to come to a satisfactory conclusion.

As stated by the court in Clune v. U. S., 159 U. S. 592, 593, 16 S. Ct. 125, 126, 40 L. Ed. 269: "It is familiar law that where a case rests upon that character of evidence [circumstantial evidence] much discretion is

left to the trial court, and its ruling will be sustained, if the testimony which is admitted tends even remotely to establish the ultimate fact."

The judgment of the court below is affirmed.