74

## BARKLEY v. UNITED STATES.
### No. 3507.

Circuit Court of Appeals, Fourth Circuit.
June 21, 1933.

Thomas J. Markham, of Edenton, N. C., for appellant.

W. H. Fisher, U. S. Atty., of Clinton, N. C. (B. H. Crumpler, Asst. U. S. Atty., of Clinton, N. C., on the brief), for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

Appellant was convicted in the Eastern District of North Carolina at Washington, at the October term, 1932, upon an indictment charging conspiracy with three others, to violate the prohibition laws of the United States. The appellant was sentenced to pay a fine of $100 and be imprisoned for eighteen months in the Atlanta penitentiary. From this action of the court below this appeal was brought.

The chief contention on behalf of appellant is that there was not sufficient evidence against appellant to sustain the verdict of guilty found by the jury. In considering this question, there are a number of facts shown in the record that lead us to the conclusion that there was sufficient evidence upon which the jury could base its verdict. The appellant's son, who was jointly indicted and convicted with him, conducted extensive bootlegging operations from the "horse shoe shop" of appellant; the telephone of appellant in the shop was used for conducting negotiations with regard to the sale of whisky; appellant's son was seen in conversation with him after he (the son) had stated that he would have to consult with the "old man" about the price of whisky; when a whisky car, driven by one of the alleged conspirators and containing 56 five-gallon jugs of whisky, was seized, appellant, with one of the other alleged conspirators, was following the car, and, when arrested, appellant at first gave a fictitious name to the officers. It was testified by a witness that appellant stated that he had been in the liquor business years ago and quit, and that he had been persuaded to go into it again, that "if he had stopped the last time six months sooner he would have been ten thousand dollars better off"; and it was shown that appellant was paying for gasoline purchased by one of the alleged conspirators. Testimony as to these facts, uncontradicted as it was at the trial, was clearly sufficient to justify the verdict of the jury.

There are several assignments of error as to the admission of testimony by the trial court, but in urging them attorneys for the appellant failed to consider the rule that, when a conspiracy is once sufficiently established, acts and statements of one conspirator may be used against all engaged in the conspiracy. Connecticut Mutual Life Insurance Company v. Hillmon, 188 U. S. 208; 23 S. Ct. 294, 47 L. Ed. 446; Clune v. United States, 159 U. S. 590, 16 S. Ct. 125, 40 L. Ed. 269; American Fur Company v. United States, 2 Pet. 358, 7 L. Ed. 450; Hitchman Coal & Coke Company v. Mitchell, 245 U. S. 229, 38 S. Ct. 65, 62 L. Ed. 260, L. R. A. 1918C, 497, Ann. Cas. 1918B, 461.

In the admission of this character of evidence the trial court has a wide discretion. Clune v. United States, supra.

For the above reasons, the judgment of the court below is accordingly affirmed.