### UNITED STATES v. E. I. DU PONT DE NEMOURS & CO.
#### Civ. No. 1216.

United States District Court
D. Delaware.
Sept. 4, 1952.

See also, D.C., 11 F.R.D. 583.

James L. Minicus, Julius C. Renninger, Joseph M. Fitzpatrick, Philip L. Roache, Jr., Matthew Miller and Forrest A. Ford, Washington, D. C., and William Marvel, U. S. Atty., Wilmington, Del., for United States.

Gerhard A. Gesell, James H. McGlothlin, David C. Acheson, Harvey Levin and George J. Kuehnl (of Covington & Burling), Washington, D. C., Hugh M. Morris and Alexander L. Nichols (of Morris, Steel, Nichols & Arsht), and Francis J. Zugehoer, Wilmington, Del., for defendant.

### 7th TRIAL MEMORANDUM

LEAHY, Chief Judge.

The Government has offered in evidence four affidavits to which duPont has objected. The documents are marked GX 2917 (Reichel), GX 2918 (Hills), GX 564 (Replogle), and GX 565 (Stiner).[1] The

1. Reichel's and Hills' affidavits discuss *inter alia* an informal opinion given Sylvania in 1935 of illegality of the duPont-Sylvania license agreement and describe the circumstances of that opinion. Reichel, in addition, discusses Sylvania's record of production and shut-downs over the years. GX 564 and GX 565 discuss the production, marketing, and uses of Sylvania cellophane and Sylvania's oversold condition during the experience of Replogle and Stiner.

The Replogle affidavit is dated August 31, 1949; Reichel, September 7, 1949; Hills and Stiner, September 8, 1949.

Government asserts two grounds of admissibility: 1. all are admissions of an alleged co-conspirator; 2. the Reichel and Hills affidavits are prior contradictory statements which go to impeach the testimony of duPont's witness Reichel. The basis of duPont's objection to the admission of these documents is they are hearsay. For purposes of arguing admissibility here, duPont conceded the assumption made by the Government—a conspiracy between duPont and Sylvania and the latter's successor American Viscose had been shown.

All deponents were intimately connected with the management of Sylvania, Reichel as President, Hills as Secretary and General Counsel, Replogle as Vice President in charge of Sales, and Stiner as its highly competent salesman. The documents in question are sworn affidavits submitted to the Bureau of Internal Revenue by Sylvania's successor corporation in a proceeding wherein it sought and obtained a $1,000,000 tax refund.

■ 1. A declaration of a co-conspirator is admissible even though made only to other members of the co-conspirator's organization or to other third parties.[2] duPont contends, however, the criterion of admissibility of the declaration is "the making" and the statement can only come in if "the making" is itself in "furtherance of the conspiracy." I think it sufficient for purposes of admissibility if the subject mat-

ter of the co-conspirator's admission relates to the purpose of the conspiracy or is explanatory of acts done in furtherance of the objects of the conspiracy.[3] Thus, a statement by a co-conspirator to a third party concerning some act done in futherance of the conspiracy is admissible although the actual making of the statement in no way furthered the conspiracy.[4] duPont cites authority holding inadmissible co-conspirators' declarations if made after the conspiracy had ended.[5] This, however, is not the question presented to me, for a conspiracy has been assumed without any time limit; furthermore the Government alleges the conspiracy was in full bloom in 1949, the time of the making of these affidavits.

■ 2. The extent to which evidence of the character now presented should be admitted, is much in the discretion of the trial court. Perhaps, where there is no jury, this discretion is even broader. The judge, as factfinder, must be assumed vis-a-vis the orthodox juror, to have a particular competence in evaluating evidence. At this time, I think the affidavits should be admitted subject to be stricken if I find no conspiracy has been shown. My ruling makes unnecessary any comment by me on the other grounds of admissibility urged by the Government.[6]

The writings will be admitted.

2. Schine Chain Theatres v. United States, 334 U.S. 110, 116–117, 68 S.Ct. 947, 92 L.Ed. 1245; United States v. Crescent Amusement Co., 323 U.S. 173, 184, 65 S.Ct. 254, 89 L.Ed. 160.

3. Wiborg v. United States, 163 U.S. 632, 657–658, 16 S.Ct. 1127, 41 L.Ed. 289.

4. Clune v. United States, 159 U.S. 590, 593, 16 S.Ct. 125, 40 L.Ed. 269; Conn. Mut. Life Ins. Co. v. Hillmon, 188 U.S. 208, 215–218, 23 S.Ct. 294, 47 L.Ed. 446; Vitagraph, Inc. v. Perelman, 3 Cir., 95 F. 2d 142, 146, certiorari denied 305 U.S.

610, 59 S.Ct. 68, 83 L.Ed. 388. See also International Indemnity Co. v. Lehman, 7 Cir., 28 F.2d 1, 4.

5. Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429; Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790.

6. Both parties agree Reichel's affidavit is admissible as a prior contradictory statement. duPont argues for a limited use of the affidavit even if admitted on this ground.