Ronald DAVIDSON, Plaintiff,

v.

Charles SCULLY, et al., Defendant.

Ronald Davidson, Plaintiff,

v.

Thomas Coughlin, III,
et al., Defendant.

Nos. 81 CIV. 0390(PKL),
83 CIV. 2405(PKL).

United States District Court,
S.D. New York.

May 18, 2001.

Kevin J. Curnin, Stroock & Stroock & Lavan LLP, New York City, for the Plaintiff.

Michael B. Siller, Assistant Attorney General, State of New York, New York City, for the Defendants.

## *OPINION AND ORDER*

LEISURE, District Judge.

Plaintiff Ronald Davidson brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment right to adequate medical care while incarcerated by the New York State Department of Correctional Services. ("DOCS"). The named defendants are: Thomas Coughlin, former Commissioner of DOCS; Charles Scully, Superintendent of Green Haven Correctional Facility ("Green Haven"); Dean Riley, Deputy Superintendent of Security at Green Haven; E. Michael Kalonick, Health Services Administrator at

Green Haven; Dr. Marc Freedman, Facilities Health Services Director at Green Haven; Wayne Strack, Lieutenant at Green Haven; Dennis Thomson, Sergeant at Green Haven; Angelo Senisi, Senior Counselor at Green Haven; and Gerald Gallagher, Assistant Superintendent of Industries at Green Haven.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendants moved for summary judgment, and that motion is pending. Subsequent to defendants' motion for summary judgment being fully submitted, plaintiff moved for leave to submit additional evidence in further opposition to defendants' motion for summary judgment. The Court herein grants plaintiff's motion in part and denies the motion in part.

### BACKGROUND

Plaintiff originally brought these actions *pro se*, pursuant to 42 U.S.C. § 1983, in the early 1980's, alleging violations of his Eighth Amendment right to adequate medical treatment during his incarceration at Green Haven Correctional Facility. Plaintiff amended his 81 Civ. 0390 complaint in 1990 to add Thomas Coughlin, the DOCS Commissioner at the time, as a defendant. After retaining *pro bono* counsel in 1996, plaintiff filed a Supplemental Amended Complaint in that action to update his claims to include events that took place after his transfer to Auburn Correctional Facility.

Plaintiff's actions allege a continuous and ongoing failure by defendants to provide him with adequate medical care for four distinct medical conditions. Plaintiff alleges that defendants have: i) failed to treat his foot problems by failing to provide him with access to a podiatrist and orthopedic footwear; ii) refused to treat his allergies by denying him appropriate allergy shots, denying him access to an allergist, ceasing to provide his allergy medication, and denying him housing in a smoke-free environment; iii) failed to treat his tinnitus by denying him ear plugs, specified medication, a masking device, participation in a sleep study, and housing in quieter sections of the correctional facilities; and iv) denied him treatment of his vision problems by denying him, at times, contact lenses, the use of proper eye lubricants, and access to proper monitoring of his contact lens use.

### DISCUSSION

#### A. *Rule 6(b)(2) Considerations*

■ Plaintiff moves the Court for leave to submit additional evidence in opposition to defendants' motion for summary judgment. Plaintiff's new evidence consists of events that have occurred since his transfer to Elmira Correctional Facility ("Elmira"), where he is currently housed, on June 8, 1999, which took place one month after he submitted his memorandum of law in opposition to defendants' motion for summary judgment. Under Fed.R.Civ.P. 6(b)(2), the Court has discretion to allow plaintiff to submit new evidence if the Court determines that plaintiff's failure to submit such evidence in a timely fashion "was the result of excusable neglect." *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir.1984). "[E]xcusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (internal quotations omitted). The "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S.Ct. 1489. Relevant circumstances include "the danger of prejudice" to the non-moving party,

"the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Tersely stated, these equitable factors militate in favor of the Court accepting plaintiff's relevant new evidence for limited purposes. First, plaintiff could not have submitted the new evidence prior to the close of discovery, because the events the new evidence is being proffered to prove had not yet occurred. Second, it is not plaintiff's fault that he has continued to experience events relevant to the instant litigation while awaiting the Court's decision on the underlying summary judgment motion. The Court assumes for the present purposes that plaintiff is acting in good faith, and the Court appreciates the work of plaintiff's *pro bono* counsel in bringing all relevant facts to the Court's attention. The Court is mindful that accepting new evidence will cause a brief delay in the proceedings as the defendant's motion for summary judgment cannot be considered until defendants have the opportunity for limited discovery relating to the new evidence. In disposing of the instant motion, the Court does assume that this evidence will be the last new evidence proffered by plaintiff in this case. However, in the interest of justice, the Court will accept plaintiff's relevant new evidence for the limited purposes to which it is relevant. At the same time, it should be abundantly clear that the Court will not accept the new evidence that is not relevant to the instant actions. Below, the Court will identify the new evidence that is relevant to the instant actions and the purposes for which it is accepted.

## B. *Relevant New Evidence and Purposes for Which it Will be Accepted*

■ Plaintiff seeks to submit new evidence in order to oppose defendants' motion for summary judgment on plaintiff's Eighth Amendment claims. The Eight Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend VII. To "establish an Eight Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to his serious medical needs.'" *Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir.1998) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). This standard includes both an objective and a subjective element. First, plaintiff must prove objectively that his medical condition is "serious." *Id.* Second, plaintiff must show that defendants acted with the subjective "sufficiently culpable state of mind." *Id.* The prison official acts with the requisite deliberate indifference when he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer v. Brennan,* 511 U.S. 825, 838, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

### 1. *Evidence to Show Deliberate Indifference only Admissible on Claim for Injunctive Relief against DOCS Commissioner*

■ Plaintiff seeks to submit new evidence, which purportedly shows that DOCS employees at Elmira have been deliberately indifferent to his medical needs, to "demonstrate[ ] a continuing conspiracy of deliberate indifference to his medical needs" by defendants. Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Leave to Submit Additional Evidence (hereinafter, "Pl's Memo") at 1. Although the new evidence is not admissible for the purpose plaintiff asserts, it is

relevant to plaintiff's claim for injunctive relief against the DOCS Commissioner in his official capacity.[1]

■ The new evidence is not admissible to show deliberate indifference by any of the defendants in their individual capacities. The evidence consists of grievances filed by plaintiff regarding three of the four medical conditions complained of in these actions—his tinnitus, vision problems, and podiatric problems—as well as the prison's responses to those grievances. As the events complained of in the new evidence have taken place since plaintiff's transfer to a new prison, none of the persons complained of in or notified by the new evidence are personal defendants in the instant actions. "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994); *see also Koehl v. Dalsheim,* 85 F.3d 86, 89 (2d Cir.1996). Because none of the defendants had any personal involvement in the events discussed in the new evidence, such new evidence will not be admissible as proof against any of the defendants in their personal capacities.

■ Plaintiff claims that the new evidence should be "admissible notwithstanding" the fact that "it relates to persons other than the named defendants" because plaintiff's "claim sounds in conspiracy and evidence of a non-party co-conspirator's bad acts is admissible against a party co-conspirator." Pl's Memo at 8–9. Evidence regarding non-party co-conspirators is admissible against a party co-conspirator. *See United States v. Nixon,* 418 U.S. 683, 701, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). However, such evidence is only admissible "upon a sufficient showing, by independent evidence, of a conspiracy among one or more other defendants and the declarant and [that] the declarations at issue were in furtherance of the conspiracy." *Id. See also Clune v. United States,* 159 U.S. 590, 593, 16 S.Ct. 125, 40 L.Ed. 269 (1895) (evidence of co-conspirators' acts and declarations admissible against defendants if first shown that they were engaged in a conspiracy and that their acts and declarations were in execution thereof); *United States v. Flynn,* 216 F.2d 354, 359–60 (2d Cir.1954) (discussing the "ordinary rule" that before the acts and declarations of third parties can be used against a defendant, a prima facie case of conspiracy must be made against the defendants, the defendants must be connected with it by competent evidence, and the acts or declarations of the third-parties must be shown to be in furtherance of and within the contemplation of the conspiracy).

Although plaintiff argues that his claim "sounds in conspiracy," his action does not contain a conspiracy claim. None of his complaints contains a § 1985 claim, nor, more importantly, any allegations upon which to base such a claim.[2] Because plaintiff has not alleged a conspiracy against defendants, he has not made out a

---

1. Although Thomas Coughlin, the former Commissioner of DOCS, is a named defendant, both in his individual and his official capacity, the current Commissioner, Glen S. Goord, was automatically substituted as a party to this action in his official capacity when he took over the office. *See* Fed. R.Civ.P. 25(d)(1); *see also Kentucky v. Graham,* 473 U.S. 159, 166 n. 11, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Townsend v. State of New York Div. of State Police,* 1997 WL 116790, *6 (N.D.N.Y.1997). Goord is a defendant in his official capacity, against whom plaintiff seeks injunctive relief, while Coughlin remains a defendant in his individual capacity, against whom plaintiff seeks damages.

2. Although plaintiff originally filed these actions *pro se,* plaintiff filed his Supplemental Amended Complaint in 1996 through counsel.

prima facie case of conspiracy against them, nor has he shown that the third parties' actions and declarations were in furtherance of a conspiracy. Therefore, the new evidence is not admissible against any of the individual defendants under a co-conspirator theory.

Although the new evidence is not relevant to plaintiff's actions against the defendants in their individual capacities due to their lack of personal involvement in the events complained of in the new evidence, lack of personal involvement is not a bar to consideration of the new evidence as it relates to plaintiff's claim for injunctive relief against the DOCS Commissioner in his official capacity. "[P]ersonal involvement of an official sued in his official capacity is not necessary where the plaintiff is seeking only injunctive or declaratory relief under 42 U.S.C. § 1983." *Glass v. Coughlin*, 1991 WL 102619, *2 (S.D.N.Y. 1991) (Leisure, J); *see also Project Release v. Prevost*, 463 F.Supp. 1033, 1036 (E.D.N.Y.1978) ("While it is true that in this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983, the rule is limited to cases in which damages are sought and is plainly inapplicable where, as here, plaintiffs seek ... injunctive relief."(internal citations omitted)). Rather, "[a]ctions involving claims for prospective declaratory or injunctive relief are permissible provided the official against whom the action is brought has a direct connection to, or responsibility for, the alleged illegal action." *Marshall v. Switzer*, 900 F.Supp. 604, 615 (N.D.N.Y. 1995); *see also Koehl*, 85 F.3d at 89 (claim for injunctive relief in insufficient medical treatment action proper where official has "overall responsibility to ensure that prisoners' basic needs were met."); *Schallop v. New York State Dept. of Law*, 20 F.Supp.2d 384, 391 (N.D.N.Y.1998) (claim for injunctive relief proper "where the state official has the authority to perform the required act.").

Here, plaintiff seeks an injunction directing the DOCS Commissioner in his official capacity "to provide proper medical treatment" to plaintiff. Supplemental Amended Complaint at ¶ 43. The DOCS Commissioner has the overall responsibility to ensure that prisoners' basic needs are met and the authority to perform the required act. The new evidence is proffered to show that plaintiff has continued to complain about his medical conditions since his transfer to Elmira, that the prison system has continued to be deliberately indifferent to plaintiff's medical needs, and that an injunction directing that proper medical treatment be provided to plaintiff is necessary. Therefore, the new evidence contained in plaintiff's affidavit, paragraphs 1–29 and 33–57, plaintiff's exhibits 1–9 and 12–22, and Dr. Kobak's Supplemental Declaration are relevant to Davidson's claim for injunctive relief against the DOCS Commissioner to show continued deliberate indifference to his tinnitus, vision problems, and podiatric problems, and the Court will allow plaintiff to submit such new evidence for that purpose.

### 2. Evidence to Show Sufficient Seriousness of Plaintiff's Medical Conditions

Plaintiff seeks to submit new evidence in order to "undermine[ ] defendants' expert's opinion that Mr. Davidson does not possess the serious medical needs that he claims to possess." Pl's Memo at 7.

■ To establish an Eighth Amendment violation, plaintiff must show that his medical condition was sufficiently serious, which has been interpreted as a condition that is one of "urgency that may result in degeneration or extreme pain." *Chance*, 143 F.3d at 702 (citations omitted). Plain-

tiff claims that he suffers from allergies, tinnitus, vision problems, and podiatric problems, and that defendants have failed to provide him with medical treatment for these conditions. Plaintiff seeks to submit new evidence that is relevant to rebut defendants' claims that plaintiff does not suffer from podiatric problems and that his tinnitus is untreatable.

First, defendants contend that plaintiff "has not suffered and does not suffer from any specific foot problems or extreme foot pain." Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment ("Defs' SJ Memo") at 16. Despite defendants' contention that plaintiff does not suffer from any podiatric problems, plaintiff claims that his new evidence shows that his foot pain and need for orthopedic footwear has recently been recognized by Drs. Haftel and Kaempffe, physicians at Elmira prison. *See* Plaintiff's Affidavit at ¶ 4.

Second, defendants contend that plaintiff's tinnitus is "chronic and untreatable." Defs' SJ Memo at 10. Despite defendants' claim that plaintiff's tinnitus is untreatable, plaintiff claims that his new evidence shows that Dr. Desai prescribed Xanax for plaintiff to treat the anxiety caused by his tinnitus, but then cancelled the prescription. *See* Plaintiff's Affidavit at ¶ 49–50.

Since filing his memorandum in opposition to defendants' motion for summary judgment, plaintiff has sought additional medical treatment for his conditions and two of his medical conditions may have been recognized by prison doctors. This new evidence will be helpful to the Court in deciding whether a genuine issue of fact exists as to whether plaintiff has one or more sufficiently serious medical conditions. Therefore, in the interest of justice, the Court will allow plaintiff to use the relevant portions of the new evidence accepted in section one above to rebut defen-

dants' claims that his tinnitus is untreatable and that he has no foot problems.

### 3. *Evidence Not Relevant and Not Accepted*

Plaintiff attempted to include evidence that is not related to any of his four medical conditions complained of in the current actions. First, plaintiff complained that he has been denied the use of Theraband in conjunction with exercise. These allegations, contained in paragraphs 30–32 of plaintiff's affidavit, and accompanying exhibits 10–11 are not accepted by the Court. Second, plaintiff complained in his affidavit and submitted supporting exhibits of deliberate indifference to his shoulder problems. These allegations, contained in paragraphs 58–61 of plaintiff's affidavit, and accompanying exhibits 23–27 are likewise not accepted by the Court.

### C. *Defendants' Request for Oral Argument Denied*

Although the Southern District of New York Judges' Part Rules require that defendants request oral argument upon filing the opposing papers, defendants made a belated request for oral argument on plaintiff's motion to submit additional evidence. Satisfied that oral argument would not be helpful to the Court, the Court exercised its discretion to decide the motion on the papers submitted by the parties and herein denies defendants' request for oral argument. *See Doctor's Assoc., Inc. v. Distajo,* 66 F.3d 438, 448 (2d Cir. 1995) ("Courts have broad discretion to determine how much, if any, oral argument is appropriate in a given case."); *see also Greene v. WCI Holdings Corp.,* 136 F.3d 313, 316 (2d Cir.1998) ("the 'hearing' requirements of Rule 12 and Rule 56 do not mean that an oral hearing is necessary").

### D. *Additional Discovery*

Plaintiff argued the merits of the new evidence to the extent he found necessary in his memorandum in support of his motion to submit the new evidence, and pointed out that the new evidence is "wholly reflected in the administrative records of DOCS itself." Plaintiff's Reply Memorandum in Further Support of Plaintiff's Motion for Leave to Submit Additional Evidence at 4. Defendants may conduct additional discovery and may respond to plaintiff's evidence by filing a memorandum on the merits by June 18, 2001. Plaintiff may file a reply memorandum by July 2, 2001.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to submit additional evidence in opposition to defendants' motion for summary judgment is GRANTED in part and DENIED in part.

**SO ORDERED.**